JACKSON
v.
PELL.

**JACKSON, ex dem. PINKNEY, against PELL and UNDERHILL.**

Where the trial of a cause is put off, on payment of costs, the defendant is bound to pay the costs *instanter*, without any previous demand of the plaintiff, &c; but if he neglects to do so, and the plaintiff has the costs regularly taxed, and payment is demanded of the defendant's attorney which is refused, the plaintiff is entitled to an attachment immediately against the defendant.

THIS cause was noticed for trial at the last *Westchester* circuit. When the cause was called on, it was put off on motion of the defendants' counsel, on the ground of the absence of a material witness, upon payment of costs. The costs were, afterwards, regularly taxed, and payment of the bill demanded of the defendants' attorney, who refused to pay it. No demand of payment was made of the defendants.

*Foot*, for the plaintiff, read an affidavit, stating the above facts, and moved for an attachment against the defendants. He cited *Jackson, ex dem. Lewis*, v. *Lowry*, 2 *Johns. Cases*, 114. and *Stansbury* v. *Durell*, 1 *Johns. Cases*, 396.

*Johnson*, contra, said, that to make the defendants liable to an attachment, payment of the bill of costs ought to have been demanded of them personally. 1 *Dunl. Pr.* 353, 354.

*Per Curiam.* This case is *sui generis*, and distinguishable from the ordinary case, where a party is ordered to pay costs. The defendant asked for a favour, which was granted to him, upon the payment of costs. That was the *condition* on which the trial of the cause was put off; and it ought to have been performed by the defendant, without any previous demand or request of the plaintiff. The costs ought to have been paid *instanter;* and it was the duty of the defendant to seek the plaintiff, and tender the costs, without waiting for a formal demand of them. The costs were regularly taxed, and payment of the bill demanded of the defendants' attorney, who attended the taxation, having been previously served with a copy of the bill, and notice of the taxation. The case of *Jackson, ex dem. Lewis*, v. *Lowry*, (2 *Johns. Cases*, 114.) is in point, to show that the demand of the costs of the *attorney* was regular, and that an attachment will lie in this case.

Rule granted.