Hooker
v.
Rogers.

HOOKER *against* ROGERS.

CASE for publishing a libel. At the last *Washington* circuit, (*Nov. 14th,*) the defendant moved to put off this cause, on his affidavit that *J. L. Thurman* was a material witness for him, without whose testimony he could not safely proceed to trial, as he was advised by counsel and verily believed ; that on the 11*th* of *November,* he went to the house of *Thurman* for the purpose of subpœnaing him ; but found him confined to his bed by sickness, and unable to attend court. The affidavit stated the same thing as to the materiality of two other witnesses, whom it stated to have been subpœnaed generally, without shewing when ; that neither had come to the court; and that the defendant expected to be able to procure the attendance of the witnesses at the next circuit.

The judge held this affidavit insufficient, and refused to put off the cause ; stating that the defendant should have offered the plaintiff to take the testimony of the absent witnesses before some competent person. He gave time to obtain their depositions, which was not done ; and *Thurman* died before the defendant reached his house for that purpose. The defendant appeared at the circuit by counsel, and contested the cause ; and a verdict passed for the plaintiff.

A motion was now made in behalf of the defendant, to set aside the verdict, and for a new trial, on the above grounds.

*B. F. Butler* and *D. Russell*, for the motion, cited *Ogden* v. *Payne,* (5 *Cowen,* 15.)

*S. Stevens* and *H. Buell,* contra.

*Curia.* The affidavit was clearly sufficient ; this being the first time the cause was noticed for trial. It now appears that *Thurman,* being since dead, cannot be had as a

*A circuit judge should put off a cause, on the usual affidavit of the defendant, of the absence of a material witness, &c. at the first circuit, for which the trial is noticed, unless there be suspicion that the application for that purpose is intended merely for delay.*

*The affidavit need not state when the witnesses were subpœnaed, unless this be made ground of objection.*

*It is, in general, no answer to the application, that the defendant should have offered to take the depositions of sick or absent witnesses.*

*If the judge refuse to put off the trial for proper cause, the verdict will be set aside, though the defendant appear and contest the suit.*

ALBANY,
Feb. 1827.

Jackson
v.
Gauger.

witness; but that is no answer. Had it been known to the defendant in season, he might have supplied his place by other testimony. It does not appear when the other witnesses were subpœnaed; but the judge did not put his refusal on that ground. If he had done so, the defect in the affidavit, (if it is to be deemed one,) might have been supplied, and the service of the subpœna shown to have been in due season. Substituting an examination of the witnesses on interrogatories, for their personal attendance, might prejudice the defendant's rights. He was entitled, in strictness, to their personal attendance. We are not aware that this practice of making the want of an offer to examine witnesses on interrogatories the ground of refusal to put off a trial, has ever been allowed, unless perhaps in the case of transient or sea faring witnesses. The usual affidavit is enough on the first notice of trial, unless circumstances of suspicion appear in some way, inducing a belief that the application is intended merely for delay; and so we have held not only in the case cited, but many others. We do not hesitate to say, that had either of us been holding this circuit, we should have deemed it our duty to put off the cause on this affidavit.

Motion granted.