Mr. Justice Walker delivered the opinion of the Court. The Circuit Court must necessarily exercise its discretion in allowing or refusing continuances; and this Court will not undertake to control that discretion, unless from the facts it affirmatively appears that such discretion has been exercised to the prejudice of the legal rights of the party complaining of such decision. The discretion to be exercised must be a reasonable discretion, and when it is clearly otherwise, tending to deprive the litigant of the benefit of a fair hearing upon evidence in support of the issue, is subject to revision and correction on appeal or error. Ogden vs. Payne, 5 Cow. 15. Hooker vs. Rogers, 6 Cow. 577. People vs. Vermilia, 7 Cow. 385. It appears that the transcript of the record from the Justice’s Court was filed in the clerk’s office on the 27th September, 1849, three days before the commencement of the return term, but was so imperfectly certified as to., require re-certifying, which was done by leave of the Court. After which, the appellant moved the Court for a continuance of the case supported by affidavit, in which he assigns as a reason why he has not his witness in attendance that such witness resides more than sixty miles from the place of trial, and that, since the appeal has been brought into Court and certified, he had not had time to procure his evidence. The application, in every other respect, is in strict compliance with the statute. The only question to be determined is, whether this is a sufficient excuse for not having procured or attempted to procure such evidence. The appeal was taken more than ten days before Court; he cannot, therefore, avail himself of the statutory excuse; but then, from the state of case as presented by the record, which sustained the affidavit in this respect, he had only three days after the filing of the transcript in which to procure his dedimus and take the deposition of the witness. The attempt would have been fruitless. He has not only shown sufficient excuse for not doing so, but the record affirmatively proves that he could have legally procured this e'vidence. The statute, which requires that, where the appeal is taken more than ten days before the return term, the case shall be determined at the return term, unless continued for cause, is intended only to prevent an arbitrary continuance without cause, but in no respect relates to the cause for granting a continuance. The argument that this case comes within the provisions of the statute which forbids a second continuance for the same cause, is not sustained by the facts. There had been no second application in the Circuit Court, and it is very evident that the statute never was intended to embrace trials before other tribunals. The case is presented in the Circuit Court to he tried de novo, and that Court has nothing whatever to do with the history of the former trial, only so far as may be necessary to confer jurisdiction, and to identify the matters in issue between the parties in the Justice’s Court. Under the circumstances of this case, we think the appellant was clearly entitled to a continuance. If the circumstances, upon which the Court below was called to act, were such as to make it a matter at all doubtful whether the continuance should have been granted or not, we should not feel at liberty to reverse-the deeision; but connecting the affidavit with the facts of record, there can be no doubt but that the Court 'erred in refusing the continuance. There is also another error in the record equally fatal. It appears that judgment was rendered against John M. Hensley and Mark Hensley. The latter is not known upon the record elsewhere than in the judgment. It was clearly error to render judgment against him; he was not the security in the appeal, and is not known in the proceedings. For these errors, the judgment of the Searcy Circuit Court must be reversed, and the cause remanded.