Mason, J.
The only rule granted by the court, on the plaintiffs application to put off the trial, was the usual rule in such cases, that the cause go off on payment of the costs of the term by the plaintiff. These costs were payable instanter, their payment being the condition on which the trial was put off; and if they were not paid, the court would have allowed the defendants, if they had themselves noticed the cause as they may do under the code, to have brought it on for trial. The defendants *736 however might have waived this right to proceed, and the court would then on application, have made a rule requiring the plaintiffs to pay the costs. In the supreme court this motion must have been made at a special term, the judge at nisi prius under the old practice not having the power to make such an order. In this court however all trials are at bar, and the application in this case might have been made either to the judge who was holding the trial term, and who conditionally postponed the ’•cause, or to the judge holding chambers, and the payment if directed might have been enforced by attachment. If however, the party entitled to the costs neither insists on the trial proceeding because the costs imposed as a condition of its postponement are not paid, nor applies for a rule or order requiring the party obtaining the postponement to pay the costs at the earliest opportunity, in such case the costs abide the event of the suit. This appears from the authorities to have been the practice of the supreme court. (Judson v. Pell, 19 John. R. 270; Kirby v. Sisson, 1 Wend. 83; Mix v. Brisban, 2 Wend. 286; Bagley v. Ostrom, 5 Hill, 516.)
The defendants however, instead of insisting upon bringing on the cause, or asking for a rule on the plaintiff requiring him to pay them, of their own motion draw up separate rules in their own favor, requiring the plaintiff to pay to each of them the costs of the term and witness fees. This they had no right to do. Even if the rule actually granted by the court, imposed on the plaintiff as a condition of the postponement of the trial the payment of costs to each of the defendants, it plainly did not require him to do so; and as it is not pretended by the defendants that any other rule was granted by the judge than merely that the cause go off on payment of costs, the rules taken out by the defendants Smith & Brush were entirely unauthorized. They are therefore set aside as null and void. And as a year has elapsed since the cause was put off, and neither of the defendants have applied for an order requiring the plaintiffs to pay the costs, they must abide the event of the suit. The disposition made of the principal question involved in this motion, renders it unnecessary to decide whether under the rule postponing the cause the defendants are entitled each to a separate bill of costs. 11 *737 will be time enough to settle that point if the defendants shall Ultimately prevail on the merits; and the remaining part of the motion, to wit for -a set-off, also falls to the ground.