## SUPREME COURT.

LEONARD P. MILLER, trustee, &c., agt. IRA PORTER and others.

The remedy of a party aggrieved by proceedings at the circuit, such as motions to put a cause over the circuit—to put off a cause till a later day in the circuit —motions as to the order of business to correct the calendar—for attachments against absent witnesses, &c., is not by appeal, but to move upon affidavits at a non-enumerated term, to set aside the proceedings for irregularity, or upon terms.

Thus, where the circuit judge refused to put a cause over the circuit for want of a sufficient excuse, and the plaintiff proceeded substantially *ex parte*, and took a verdict of the jury in his favor, the defendant, upon affidavits, moved at a special term, held by another judge, and obtained an order setting aside the verdict and allowing the defendant to come in and defend on terms, which order was appealed from, and affirmed at general term.

*Albany General Term, March,* 1859.
WRIGHT, GOULD *and* HOGEBOOM, *Justices.*

L. P. MILLER, *for plaintiff.*
J. K. PORTER, *for defendants.*

By the court—HOGEBOOM, Justice. This is an appeal from an order of Mr. Justice WRIGHT at special term, setting aside, on terms, the verdict, and all subsequent proceedings taken on this cause before Mr. Justice GOULD and a jury, at the Sullivan circuit in January, 1858. The action was brought to recover treble damages for a willful trespass upon the lands of the plaintiff. The defendant sought to put the case over the cir-

cuit, but, as the circuit judge held, showed no sufficient cause therefor, and the trial proceeded substantially. *ex parte*, and the plaintiff recovered, and his damages were trebled. The defendant shortly thereafter noticed a motion for the Ulster special term, held in February, 1858, to set aside the verdict, on terms, and mainly on the ground of surprise and want of preparation, founded upon what was alleged to have been the determination of the judges of the third district to try no more causes involving the disputed boundary line between the Rochester and Hardenburgh patents, until a case now pending in the court of appeals, and involving that question, was decided. This case appears to be of that character. Judge WRIGHT held that the defendants' default and want of preparation were sufficiently excused—that the action was one of considerable intrinsic importance, and, resulting in the recovery of treble damages to a considerable amount—about $1,500—was one in which, under such circumstances, the defendants ought to be heard on the trial, and he set aside the verdict upon payment of the costs of the circuit, and of the motion, and of the costs of a previous circuit, collected of the plaintiff when he was not ready for trial. So far as this decision depended upon the discretion of the judge, it is at least doubtful whether it is susceptible of review. I think it is not. But if it were, I should not, after perusing the well considered opinion of the judge, undertake to interfere with it. We cannot say, under the circumstances of the case, that his discretion was unwisely exercised. But the plaintiff claims that Judge WRIGHT had no jurisdiction to review the action of Judge GOULD ordering the trial to proceed. Especially, if the matter was reheard upon the same papers, which he claims it was in substance, and that the remedy of the defendants, if dissatisfied with the order of Judge GOULD, if any remedy they had, was by appeal from his decision. In this, I think, the plaintiff is mistaken. I do not discover that any order of Judge GOULD was entered. It is not the practice, where the application is denied, that it should be. The matter comes up rather informally before the judge at the circuit, without notice, and the judge disposes of

it in a summary manner, as a mere question of circuit practice. These and similar motions are made every day in the course of a circuit, and are disposed of in a somewhat informal manner, in accordance with a course of proceeding well understood by practitioners there, and varying somewhat, according to the notions of the presiding judge. They depend upon a circuit practice, which the judge regulates, more or less, by his own discretion. They are considered as appertaining to the orderly course of proceeding in that tribunal, and not reviewable, strictly, as orders. As before stated, they are not usually, though they may be, probably, at the instance of either party, entered in the minutes. They are not, properly, special term orders, but orders or directions of the circuit judge, appertaining to his business there, as to some of which the aggrieved party has a further remedy, and as to some he has not, but as to none of which (of this character) is his remedy, as I think, by appeal. Of this character are motions to put a cause over the circuit—to put off a cause till a later day in the circuit—motions as to the order of business—to correct the calendar—for attachments against absent witnesses, and various others. The remedy of a party in such cases, if aggrieved, is not by appeal from the order of the judge, but to move, as in this case, at a non-enumerated term, to set aside the proceedings for irregularity, or upon terms. Where the error occurs in the progress of the trial in the proceedings which ordinarily take ·place at a trial, the aggrieved party makes a case or exceptions, moves at a special term proper, or at a general term, and the motion becomes an enumerated motion. Such are the cases which the Code has in view when it speaks of an appeal from an order granting or refusing a new trial. But this case is not of that character. The application for relief is based, not upon what took place during the trial, but outside and independent of the trial, upon matters which would have no appropriate place in a case or bill of exceptions. A case or bill of exceptions is not, therefore, necessary, and the motion was properly heard upon affidavits. It is not very material whether the affidavits were substantially

similar to those presented to the circuit judge, for, as I have endeavored to show, in hearing them he sits as circuit judge, and not at special term, and the party comes to the court for relief, not to grant or refuse a new trial, but to set aside or maintain the proceedings. He may come because the judge has erroneously refused him relief at the circuit, or for reasons independent of those proceedings, addressed to its sense of equity or its sound discretion. By the practice of the court, but only because such is the practice, his application is heard before a single judge, but not less before the court than if all its members were present at the hearing. In point of fact, however, it would seem that the motion at special term was heard upon new and additional papers, and, upon new and additional grounds, was therefore properly addressed to the only tribunal which could hear it, and, as it seems to me upon the facts presented, was properly disposed of by an order which only gave the defendants an opportunity to be heard, and could not, in the eye of the law, operate to the legal prejudice of the plaintiff.

The order of the special term should be *affirmed.*