## N. Y. SUPERIOR COURT.

THE BROOKLYN OIL WORKS agt. DANIEL BROWN and others.

A refusal of an *adjournment*, is not the subject of exception, but may be reviewed on motion for a new trial.

A motion for adjournment must be based upon an *affidavit*, and will not be entertained on a statement *ore tenus*.

The affidavit must contain these essential conditions,—an affidavit of merits; the materiality of the absent evidence; due diligence in the endeavor to procure the attendance of the witness, and an assurance of his probable attendance at the time proposed for the adjournment.

When a *special affidavit* necessary, and the facts necessary to be stated therein; also what detailed facts necessary to be stated in a general affidavit.

THIS was a motion to postpone on account of an absent witness.

R. A. PRYOR, *for plaintiff.*

Mr. SULLIVAN, *for defendant.*

McCUNN, J. (*Nisi Prius*)—By some courts the adjournment of a trial is held to be so much a matter in the discretion of a judge at *nisi prius* that his denial of the postponement cannot be assigned for error. (*Woods* agt. *Young,* 4 *Cranch,* 237).

In this state a refusal of an adjournment is not the subject of exception, but may be reviewed on motion for a new trial. (*People* agt. *Vermilyea,* 7 *Cowen.,* 108; *People* agt. *Superior Court of City of N. Y.,* 10 *Wend.,* 299; *Howard* agt. *Freeman,* 3 *Abb. N. S.,* 292).

For while we held the exception in denial of an adournment to be within the discretion of the judge at trial, still we admit it was not an arbritrary discretion, but a discretion controlled and regulated by fixed principles of

practice.    These rules are of incalculable importance in the
administration of justice, and since they have been permitted
of late to fall into disuse, it cannot be amiss to recall them
to the attention of the profession :

*First.* A motion for adjournment must be based upon an
affidavit, and will not be entertained on a statement *ore tenus*
(*Smith* agt. *Banker,* 3 *Darby,* 280).

*Second.* The affidavit must exhibit these essential con·
ditions; an affidavit of merits; the materiality of the absent
evidence; due diligence in the endeavor to procure the
attendance of the witness, and an assurance of his probable
attendance at the time proposed for the adjournment. (*Phil.
Evi. Cowen & Hills, Notes,* 365–8).

The affidavit should properly be made by the party, not
by the attorney. (*Price* agt. *Warren, Vin. Abr. Trial T.,*
3 *Pl.,* 11 *note; Tidd's Pr.,* 708). If after notice of trial the
party had an opportunity to supœna the witness, or to
take his testimony *de bene esse* and neglected these pre-
cautions, he cannot claim to have exercised due diligence.
(*Pennington* agt. *Scott,* 2 *Dall.,* 95). The defendant must
swear positively that the witness is material, not merely to
a belief. (*Gray* agt. *Hulton, Burn.,* 437, 3 *Ed*). The prac-
tice now is to swear that the defendant is advised and
believes the witness to be material. (*M'Kay* agt. *Marine
Ins. Co.,* 2 *Caines,* 384; *Chambers* agt *Handley, J. J. Mar.,*
98; *People* agt. *Vermilyea,* 7 *Cow.,* 369). These are the
requisites of the *common* affidavit, and are sufficient, if not
defeated by counter affidavits, to entitle the party to an
adjournment. (*The King* agt. *McGee,* 1 *O'Connell's
Speeches, by his son,* 223). But if there has already been a
postponement of the trial at the instance of the party
soliciting the present adjournment in any other circum-
stances raising a supposition that his application is merely
for delay, then he must present a *special* affidavit.   At this
juncture the discretion of the court is larger and more liberal
than under other circumstances.   (*Loftt.* 769).

Brooklyn Oil Works agt. Brown.

The *special* affidavit must exhibit, by a statement of facts, the materiality of the witness. (*The King* agt. *Innes*, 8 *East*, 31 ; *Lord* agt. *Cunke*, 1 *W. Bl.*, 433; *People* agt. *Vermilyea*, *supra*). If the court can see that the evidence proposed to be given by the absent witness is immaterial, the trial will not be adjourned. (*Rex* agt. *Chevalier d'eon*, 3 *Burr*, 1513 ; *Smith's case*, 3 *Wheel. Cr. Cas.*, 172). So a full admission of the facts proposed to be proved by the absent witness will defeat an application for postponement. (*Brill* agt. *Linch*, 14 *Johns.*, 341 ; *Cowen*, 388–400). One of the most essential inquiries is, did the witness go away before notice of trial. (*Elliott* agt. *Crest*, 2 *Brod. & B. R.*, 205). For if he did not, then there must be some other or positive cause for postponing. In this case the affidavit is faulty in all its parts, and does not comply with any of the requirements. I shall, therefore, order the trial to proceed, unless defendants stipulate to allow an inquest on the next adjourned day, if they are not ready to proceed ; if they so stipulate, then the cause stands adjourned until Monday next.

The parties stipulated, and case was adjourned.