## SUPREME COURT.

### GAMBLE agt. TAYLOR.

Whenever a party obtains the postponement of the trial of a cause, *on payment of costs*, his adversary may insist on having the trial proceed, on omission to pay; or he may waive that right, and either compel payment by precept in the nature of a *fieri facias*, or include them in his general bill, in case he ultimately succeeds in the action.

Where the defendant put the cause over the circuit upon an order "that said cause go over the term, on payment of costs by said defendant, to the plaintiff or her attorney, of said term, and witnesses fees," and the defendant thereafter paid to plaintiff's attorney $10 50-100 which was all the term costs, except witnesses fees, which were left for future adjustment, and on such adjustment by the court, such fees were fixed at $50, and the plaintiff having ultimately succeeded in the action :

*Held*, that the plaintiff was entitled to have the balance of the costs of the circuit $50, included in the judgment, as part of the costs in the action—ordered accordingly.

*Saratoga Special Term, May,* 1872.

MOTION for re-adjustment of costs, and for general relief.

This action was on the calendar for trial at the June circuit, 1870, in Washington County, and was put over the circuit on defendant's application on payment of costs.

The order entered in the minutes of the court, was as follows. "This cause having been moved by defendant's attorney to be put over the term by affidavit: Ordered that said cause go over the term, on payment of costs by said defendant, to the plaintiff or her attorney, of said term, and witnesses fees." The case went over the circuit on this order, and the defendant afterwards paid ten dollars and fifty cents on the costs. No further payment of costs was made, and ultimately, at a circuit in 1871, the case was tried, and the plaintiff recovered judgment for damages and costs of the action. The plaintiff demanded and claimed the balance of

the costs of said June circuit over the $10 50. The items claimed to be payable under the order were as follows: Term fee $10; sheriff's fee 50; witnesses' fees $50 80. The controversy, is in fact, in regard to the witnesses' fees.

This claim, the defendant resisted, and the plaintiff now moves for an order directing the clerk to adjust and allow the plaintiff, the costs of said June circuit, which have not been paid, and to correct the entry of judgment so as to include them in the recovery, or for such other or further order as should seem just.

The defendant resists the claim and opposes this motion, *first*, on the ground that the plaintiff cannot now insist on performance of the condition imposed by the order; but should have proceeded with the trial, if the costs were not paid; *secondly*, that the $10 50 paid, actually covered all the costs of the circuit, it being claimed that no witnesses attended, or were subpœned to attend that circuit; and *thirdly*, that $10 50 were accepted by the plaintiff's attorney in full payment of the costs required by the condition of the order. Other facts than those above stated and necessary to the full consideration of the case, appear in the following opinion.

MR. SHERMAN, *for plaintiff.*
MR. NOBLE, *for defendant.*

BOCKES, *J.—First.* It is undoubtedly true, that the plaintiff might have insisted on the trial of the case at the circuit, on non-compliance by the defendant with the condition of the order. But the defendant, having taken the benefit of it, was bound afterwards to the performance of the condition. Such has been the settled rule in this state for a great number of years (19 *Johns.*, 270; 1 *Wend.*, 83; 2 *Wend.*, 286; 18 *Wend.*, 509; 1 *Denio*, 631; 5 *Hill*, 561; 2 *Sandf.*, 735). In the last case cited, the decisions on this subject were examined, and it was held, that when a party obtains the

postponement of a trial, on payment of costs, the adverse party may, on the omission of the former to pay them, in- sist on having the trial proceed, or he may waive that right, and the court, on motion, will compel payment. Formerly, an attachment would be granted to enforce payment (19 *Johns.*, 270; 18 *Wend.*, 509).

At the present time, a precept in the nature of a *fieri facias* may issue (*Laws of* 1840, *p.* 333, § 15; *Laws of* 1847, *p.* 491, *chap.* 390; 1 *Denio*, 631; 6 *How.*, 121).

If collection be not enforced until a trial is had, such costs may be included in the general bill, and taxed as a part of the costs of the action (2 *Wend.*, 286; 2 *Sandf.*, 735). The purport of the decisions in the cases cited then is, that when a party obtains a postponement of the trial of a cause, on payment of costs, his adversary may insist on having the trial proceed, on omission to pay; or he may waive that right, and either compel payment by precept in the nature of a *fieri facias*, or include them in his general bill in case he ultimately succeeds in the action. If, therefore, the costs of the June circuit in this case have not been paid, the plaintiff is now entitled either to a precept to enforce payment, or to have them included in his general bill, and to collect them under his judgment herein.

*Second.* Ten dollars and fifty cents were paid some time after the circuit. Did this amount cover the entire costs re- quired to be paid by the terms of the order? It did if no witnesses' fees were properly chargeable against the defend- ant for that circuit. But the plaintiff swears unqualifiedly, that the two witnesses named in the bill of costs were duly and in good faith subpœnaed to attend that circuit as wit- nesses for her, that they did actually attend the circuit as witnesses in her behalf, two days each; that they were necessary and material, and traveled from their residence, to attend as such witnesses, the number of miles charged. The plaintiff's statement is also corroborated by the affidavit of one of the witnesses who swears that he was subpœnaed

and attended as a witness.   There is no direct evidence before me on this motion to countervail this statement.   The defendant and his attorney understood that there were no witnesses in attendance, and the source of their information is given..   But there is not sufficient countervailing proof to overcome the unequivocal averment of the plaintiff, that the witnesses were subpœnaed and attended.   Especially, as she is corroborated fully by one of the witnesses, as to the fact, that he was subpœnaed and attended as she avers.   The affidavits submitted establish by a strong preponderance of proof, the correctness of the charge for witnesses' fees claimed in the bill.

*Thirdly.* It now remains to be determined whether the $10 50 were accepted by the plaintiff's attorney in satisfaction of the costs imposed by the order postponing the trial. It seems to me, that the letter itself, which accompanied the payment of the $10 50 settles this question beyond peradventure.

The plaintiff's attorney wrote the defendant's attorney, asking payment of the costs due by the terms of the order, for term fees and witnesses' fees.   Thereupon the defendant's attorney replied, sending $10 50, and after suggesting, that no witnesses had attended, stated as follows :  " We enclose $10 50, and if, on adjustment, Mrs. Gamble is entitled to any more she shall have it."   The $10 50 was paid and accepted upon this promise, and no further payment has been made, nor has there been any other arrangement relating to the matter.   Thus the witnesses' fees were left to be thereafter adjusted.   It is true, the plaintiff's attorney in his letter, called for only $15 witnesses' fees ; but he explains this in his affidavit wherein he states, that he did not know at that time how many witnesses the plaintiff had in attendance at the circuit, and that he supposed when the case should be closed, all would be made right.   All this, however, is of little or no importance, inasmuch as the fact remains uncontroverted, that only the term fee of ten dollars and sheriff's fee of fifty

cents were paid; and that such payment was accompanied by a promise in substance and effect, that the witnesses' fees should be thereafter paid, in case it should be made to appear that there were any legal expenses for witnesses incurred.

This case before me is, therefore, brought to this, that under the order postponing the trial, the plaintiff was entitled to the costs of the circuit, amounting to $60 50; that but $10 50 of this sum have been paid; that the balance remains due; and further, that the plaintiff is now entitled either to a precept in the nature of a *fieri facias* to enforce collection thereof, or to have such balance included in the judgment as part of the costs of the action.

The plaintiff having recovered, the amount should properly go into the judgment; and an order should now be granted directing the clerk to correct the entry of judgment by including such balance.

It was stated on the argument of the motion, that this was a case of great hardship to the defendant, that the costs in the action were large compared with the amount recovered for damages; which amount was, I believe, less than one hundred dollars. But it must be remembered, that the right to costs here was declared by the order postponing the trial. The granting or withholding them is not now matter of discretion. All that remains now to the court is, to settle the disputed items. When the amount is determined, the right of the party to them is absolute, as much so as is his right to the damages awarded him by the verdict of the jury.

Order granted.