## SURROGATE'S COURT.

### In the Estate of JAMES GRIFFITHS HENRY.

*Appeal— Orders of surrogate when not appealable— Code of Civil Procedure, sections 2570, 2584, 1310 — when perfected appeal does not operate as a stay in surrogate's court.*

The surrogate having directed, in a case where one's right to be a party to a probate controversy was in dispute, that that issue should be inquired into and determined before the taking of any testimony in the matter of the factum of the will, a motion was made that a trial of all the issues proceed simultaneously.

*Held,* that an order denying such motion was not appealable.

*Held,* further, that a perfected appeal from an order denying a motion for taking by commission testimony without the state, though it concerned a "substantial right," within the meaning of section 2570 of the Code of Civil Procedure, did not operate as a stay of the trial of the probate controversy before the surrogate.

*New York County, March,* 1886.

ROLLINS, *S.* — The procedure relating to appeals from decrees and orders of this court is established by chapter 18, title 2, article 4 of the Code. Section 2570 provides that an appeal may be taken from any decree or from any order "affecting a substantial right." It is declared by section 2584 that, except as otherwise expressly prescribed, "a perfected appeal has the

Estate of Henry.

effect, *as a stay of proceedings to enforce the decree or order appealed from*, prescribed in section 1310, with respect to a perfected appeal from a judgment." By operation of section 1310 such an appeal affects a stay of all proceedings to enforce a judgment or order appealed from, "except that the court or judge from whose determination the appeal is taken may proceed in any matter included in the action or special proceeding, and not affected by the judgment or order appealed from or not embraced within the appeal."

Now, I do not think that, by force of the statute just quoted, the appeals which have been taken by Evan J. Henry from the two orders lately made by the surrogate, have operated to stay the trial of this probate controversy which is now reached regularly on the calendar. The order denying the motion for the union of the issues theretofore directed to be separately tried, cannot be held to involve a "substantial right" within the meaning of section 2570. It affects mere modes of procedure that are entirely within the control of the trial court (*Arthur* agt. *Griswold*, 60 *N. Y.*, 143; *Whitney* agt. *Townsend*, 67 *id.*, 40; *Miller* agt. *Porter*, 17 *How. Pr.*, 526). The order denying the motion for the issuance of commissions is, doubtless, appealable (*Helme* agt. *N. Y. C. R. R. Co.*, 79 *N. Y.*, 175; *Wallace* agt. *Am. Lin. Thread Co.*, 46 *How. Pr.*, 403), but in what manner and to what extent, if at all, is the appeal which has been taken effectual as a "stay," within the meaning of section 1310? If the surrogate had made an order *granting* the application for commissions, it is clear that a perfected appeal would have operated to prevent their issuance; but an appeal from an order *denying* such an application does not, it seems to me, have practical operations as a stay at all.

It has never been held, so far as I can ascertain, that an appeal, either from an order denying, or from an order granting a commission, accomplishes *per se* a suspension of the trial of the action or proceeding for the purposes of which the aid of the commission has been sought. The mischiefs that would result from such a practice can scarcely be overestimated. The court

of original jurisdiction would lose all control of its calendar. It would be utterly powerless to compel the trial of a cause, if it suited the pleasure of any of the parties thereto, even on the most frivolous pretext, to move for the issuance of a commission, and to appeal from an order denying his motion. If such were the true state of the law, the fact would long since, I think, have been ascertained and promulgated. If the surrogate has erred in denying the contestant's application for the issuance of commissions, the error will be, in due time, corrected, and the order of denial reversed. Besides, in case the trial of the cause shall now be directed to proceed, the contestant can except to that direction, and avail himself of that exception by appeal, in the event that a decree shall be hereafter entered adverse to his interests. The trial must proceed.