## MURPHY *v.* PHILBROOK *et al.*

*(Superior Court of New York City, General Term. June 28, 1889.)*

1. INSOLVENCY—DISCHARGE.
   The decree of a court of insolvency of Massachusetts, fairly obtained, discharging a debtor residing in that state, is a bar to an action on a claim of a creditor, also a resident of Massachusetts, brought in New York by the assignee of the creditor, who filed his claim in the insolvency court.

2. SAME—ASSETS—SALE.
   The interest of an insolvent debtor in a patent-right, under an assignment obligating him to prosecute all claims for infringement at his expense, receiving one-fourth of the sums recovered, less the costs of prosecuting the suits, is only that of a trustee, and cannot be sold as an asset of his estate.

3. SAME—COLLATERAL ATTACK.
   If such an interest were liable to sale, a sale by the assignee in insolvency could not be collaterally attacked for irregularity, but should be vacated by proceedings in the insolvency court itself.

Appeal from special term, New York county.

Action by Thomas Murphy against Ruel Philbrook and others, to enforce a debt against said Philbrook's estate. A demurrer to defendant Philbrook's answer was overruled, and plaintiff appeals. The opinion states the facts.

Argued before SEDGWICK, C. J., and FREEDMAN and TRUAX, JJ.

*Roger M. Sherman*, for appellant. *Harvey D. Hadlock*, for respondent Philbrook.

FREEDMAN, J. All the allegations of conspiracy, fraud, collusion, and concealment stated in the complaint having been denied in the answer, to which

the plaintiff has demurred, the facts still available to the plaintiff may be summed up as follows: The plaintiff sues as assignee of the claims of certain creditors, who are residents of the state of Massachusetts, and who, in the year 1885, proved their demands in an insolvency court of that state against the defendant Ruel Philbrook. The insolvency court was a court of record, and had full jurisdiction over the matters contained in Philbrook's petition for a discharge. The assignment of the said creditors to the plaintiff was not made until 1887. Philbrook was a voluntary insolvent petitioner in the Massachusetts proceedings, and in the course of such proceedings the defendant Ruel W. Thompson was duly appointed assignee for the benefit of creditors. By the law of Massachusetts the assignment vested in Thompson all the property of Philbrook which he could have lawfully sold, assigned, or conveyed, or which might have been taken on execution against him, and also his rights of action. Philbrook included in his schedule of assets "one-fourth contingent interest in patent No. 42,920," which patent was for an improvement in fire-engines. This item was stated as "of no value." It was duly appraised as of no value by appraisers duly appointed, and subsequently, upon due notice, duly sold at public auction in the course of the proceedings by Thompson, as assignee, to the defendant Albert H. Smith, as the highest bidder therefor, for the sum of two dollars. Smith then was, and now is, the son-in-law of Philbrook. In May, 1885, Philbrook obtained from said court of insolvency a full discharge from all debts proved against his estate, and from all debts held by residents of the commonwealth of Massachusetts, which said discharge he pleads as a bar to the present action, on the ground that the creditors represented by the plaintiff were residents of Massachusetts, and parties to the insolvency proceedings, and as such proved their claims against him and shared in the proceeds. To overcome this plea, the plaintiff relies upon the fact that since the said sale to Smith the latter has not attempted to exercise any right or control over, or to assert any interest in or to, said one-fourth contingent interest in the said letters patent, but that he has allowed Philbrook to litigate claims for infringement of said letters patent during the life of the patent.

Concerning this claim Philbrook says, in his answer, "that, at the time when he filed his petition in insolvency as aforesaid, he was an assignee in trust of certain rights, recoveries, and choses in action, created by an instrument dated the 20th day of May, 1884, for infringement of said letters patent during the term of their existence, a period of seventeen years, said patent having expired on the 24th day of May, 1881; that the condition of said trust was that he was to prosecute all claims that had arisen by reason of the infringements of said letters patent, during their said term of existence, and pay all the expenses of such prosecution, and, when all expenses of such prosecution had been paid from such sums as he held in excess of the necessary expenses aforesaid, he was to have and enjoy, as his own separate property, one-fourth interest in all recoveries; * * * that at no time since he was trustee as aforesaid has there been any fund in his hands for distribution; that at the time when he filed his proceedings in insolvency as aforesaid he had never received as much as one dollar by reason of the assignment of May 20, 1884, and that on the 13th day of October, 1884, the only interest that he had in and to the rights and recoveries specified in his said assignment was that of trustee, and that interest he has continued to hold until the present time, and is now, so far as within his power, prosecuting said suits to final decree to obtain the rights and recoveries arising by reason of the infringements aforesaid."

Upon this state of facts the plaintiff demands judgment (1) that said discharge granted by the court of insolvency within and for the county of Suffolk, in the commonwealth of Massachusetts, on or about the 29th day of May, 1885, to the defendant Philbrook, be adjudged null, void, and of no effect as against plaintiff, and as a bar to the debts proved against his estate aforesaid;

(2) that it be adjudged and decreed that all right, title, and interest of said defendant Philbrook, which he had on the 13th day of October, 1884, in or to one-fourth contingent or other interest in letters patent of the United States, No. 42,920, or any suits, demands, rights, or causes of action for or because of infringements thereof, are subject to a lien in favor of this plaintiff, to the extent of the claims assigned to him as aforesaid, and interest thereupon, and that the sale and conveyance to said Smith is null, void, and of no effect; (3) that a receiver be appointed herein to take possession and control of all said right, title, and interest, and that he have power to interplead and be substituted in all the suits at law and in equity aforesaid, as fully as said defendants Philbrook, Thompson, or Smith are or may lawfully be in his or their name, place, and stead, and to hold and prosecute the same subject to the direction of this court; (4) that the defendants, their and each of their attorneys, counsel, agents, employés, and all persons acting by their and each of their appointment or authority, be, during the pendency of this action and permanently, enjoined and restrained from selling, assigning, transferring, receiving, collecting, discharging, incumbering, or in any manner disposing of or interfering with said one-fourth interest in letters patent of the United States, No. 42,920, or in any of said suits at law or in equity, or any cause of action therein, or in any manner intermeddling or proceeding in said actions or suits, or either of them, etc.

I fail to perceive how the plaintiff, upon the foregoing state of facts admitted by the demurrer, can have the relief claimed, or any part thereof.    The court of insolvency of the state of Massachusetts having, as a court of record, obtained full jurisdiction over the matters embraced in Philbrook's petition, and over the persons of plaintiff's assignors, by reason of their appearance and submission to the jurisdiction of the court and the proof of their claims, and there having been no conspiracy, fraud, collusion, or concealment in the proceedings, full faith and credit must be given to the judgment of said court, and the said judgment, and the discharge granted thereby, must be held to be conclusive between the parties, and a bar.to any other action founded on a matter involved therein and determined by it.    A controversy between citizens of the same state cannot, after its final determination by the courts of that state, be reopened or reviewed in another state in consequence of a mere assignment by a party to the controversy to a citizen of another state.    No such assignor can convey a greater title that he himself possesses.

There are still other reasons why the plaintiff must fail upon the case as it stands.    If Philbrook's interest in the letters patent was assignable at all, it passed to his assignee, and was by the latter duly sold to Smith as the highest bidder therefor.    By that sale the title to such interest became vested in Smith. In the absence of conspiracy, fraud, collusion, and concealment, the sale cannot be disturbed, and it was competent thereafter for Smith to relinquish the subject of his purchase to Philbrook.    But even if there had been some irregularity or inadequacy in the appraisement or sale, for which the sale could be set aside in the exercise of the discretion of the court, and a resale ordered, it is too clear for argument that no other court than the insolvency court can make such an order.

In conclusion, it should be pointed out that whatever interest Philbrook really had in the said letters patent depended upon a certain contract, a copy of which was set forth by him in full in his answer.    By that it appears that his interest was purely speculative; that it was in trust to him; that it depended upon the ultimate success of litigations then pending, and thereafter to be brought; and that such ultimate success was dependent upon his personal exertions, and upon his ability to raise and procure the necessary funds with which to pay the necessary expenses.    Such an interest was a personal trust, based upon personal services to be thereafter rendered, and as such it could not be assigned.    His duties as such trustee could not be renounced by

v. 6 n.y.s. no. 3 — 35

an assignment to his assignee in insolvency without the consent of his *cestui que trust,* and consequently, notwithstanding the assignment, his assignee could not and did not become a trustee in his stead, with power to sell the trusteeship at public auction to the highest bidder. Thus it has been shown that, in whatever aspect the case, as left by plaintiff's demurrer, is considered, the plaintiff has no cause of action. In no aspect of it will the law, in the face of Philbrook's specific demands and explanations, raise an implied trust in favor of plaintiff's assignors, or sustain an implication of fraud for their benefit. The order and interlocutory judgment should be affirmed, with costs, with leave to plaintiff to withdraw his demurrer on payment of such costs, and of the costs below.