GARFIELD NATIONAL BANK, Respondent, v. FRANK W.
COLWELL, Appellant.

*Supreme Court, First Department, General Term, January 10, 1890.*

1. *Bills, etc.   Delivery.*—Where, in an action on a note by the indorsee,
   its delivery is denied in the answer, and the payee testified without
   contradiction that the maker delivered it to him and he handed it to
   another person with a request to send it to the indorsee, and that its
   proceeds were credited by the latter to the payee's firm account, the
   evidence is sufficient to establish a delivery of the note and to justify
   a direction of a verdict for the plaintiff.
2. *Trial.   Postponement.*—An application for the postponement of the
   trial, on proof by the defendant's attorney that his client was confined
   to his bed with pneumonia, and unable to testify, and that he had seen
   him, and that his evidence was material and necessary in support of
   his defense, should be granted, and a refusal is error.
3. *Appeal.   Exception.*—An exception taken to a refusal to postpone
   a trial, when part of the record and a ground of a motion for a new
   trial, is reviewable by the appellate court.

Appeal from a judgment recovered on the verdict of a
jury directed by the court, and from an order denying a
motion for a new trial.

*William B. Ellison,* for appellant.

*Lawrence & Waehner,* for respondent.

DANIELS, J.—The verdict was recovered for the amount
shown to have been unpaid upon a promissory note made by
the defendant on the 19th of August, 1887, by which he
promised to pay $6,400 to the order of S. S. Hepworth & Co.,
at the Garfield National Bank.   The complaint contained
the allegation that the note had been delivered to the
payees therein named, and that they, before its maturity, had

endorsed and delivered it for value received to the plaintiff. This allegation was denied by the answer, the third subdivision stating that the defendant denied " that he ever delivered said note to the firm of S. S. Hepworth & Co., the payees therein named, or that they delivered the same to the plaintiff."

Samuel S. Hepworth, who was a member of the firm of Hepworth & Co., testified as a witness on behalf of the plaintiff, that the note was delivered to him by the defendant, but that he did not deliver it to the Garfield National Bank, but delivered the note to Mr. Colwell, asking him to send it to the bank.  And he testified further that the proceeds of the note were credited at the bank to the account of S. S. Hepworth & Co., and that he drew their checks against it, and that was before the maturity of the note. This evidence was uncontradicted, and it was sufficient to prove the making and delivery of the note and its transfer to the plaintiff, even without that of the president, Mr. Cheney, who, as president of the bank, was a stockholder therein and interested in the result of the action.  His testimony was that he had received the note from the defendant.  But as the fact of its delivery was proved by what the witness Hepworth testified to, there was sufficient in the case to justify the court in directing a verdict for the plaintiff, although the witness Cheney was interested in the result of the action. There was sufficient without his testimony, as the note was also produced by the attorneys for the plaintiff, to sustain this direction.

Before the trial was commenced, and when the case was called for that purpose, an application was made on behalf of the defendant to postpone it.  And in support of it his attorney presented an affidavit containing the following statements :

2. That the defendant is now ill and confined to his bed with pneumonia, at his residence, No. 336 West Fifty-sixth street, in the city of New York ; that incidental to said dis-

ease the defendant's mind is affected, and he is now unable to testify in this or any other case. That it would be dangerous to his life to be called upon to attend as a witness herein or now be examined at any other place.

3. That deponent has seen the defendant; he is now lying very dangerously ill and unable to transact any business.

4. That defendant's evidence is necessary and material in support of his defenses herein, and no other person, to deponent's knowledge, can supply such testimony as defendant can give herein.

5. That deponent is informed and verily believes that defendant will not be sufficiently well to testify herein inside of one week or ten days.

And this affidavit has been made a part of the record upon which the appeal has been heard. The court denied the application, as that is stated in the case : " On the ground that the affidavit of the attorney, not having personal knowledge of the defendant, was not sufficient to satisfy the court that the defendant was unable to be present at the trial, and that on the preceding short cause day the complaint was dismissed on motion of the defendant's attorney." This impression existing in the mind of the judge presiding at the trial that the attorney did not have personal knowledge of the defendant's condition was a misapprehension of the effect of the affidavit. For it was stated therein that the attorney had seen the defendant, and he at that time was very dangerously ill and unable to transact any business.

The statements contained in the affidavit were in no manner contradicted, or their accuracy drawn in question. And they were sufficient to prove the fact to be that the defendant was confined to his house by sickness and unable to appear and attend the trial. And that not only entitled him to a postponement of the trial of the action, but rendered it the duty of the court to direct that postponement. And as these matters have been brought into the case as a part of the record, they appear to be regularly before this court for the object of being reviewed.

For the defendant excepted to the refusal of the court to postpone the action. And even though it may be conceded that an exception could not regularly be taken to this refusal, Code Civil Pro., § 992; Matthews *v.* Meyberg, 63 N. Y. 656, yet, as long as it in fact was taken, and has been made a part of the case, it may very well be considered as now entitling the defendant to a review of this decision. It was considered by the court on the motion for a new trial after the verdict had been rendered, for the order contains the statement that the motion proceeded in part upon the exceptions which were taken. The exceptions in this manner referred to are not mentioned as those arising upon the trial itself, but are mentioned generally as the exceptions which had been taken. And that by fair construction will include the exceptions taken to the refusal of the court to postpone the trial. And by the appeal from the order after the exception was in this manner considered, it is before this court for its determination on the appeal.

The practice required to be followed in applications for the postponement of a trial was very well considered in Brooklyn Oil Works *v.* Brown, 7 Abb. N. S. 382. And this application was brought within the rules there held to have been established. And cases have arisen in which it has been held directly by the courts that an exception may be taken to the refusal to postpone a trial, and that exception, when made a part of the record with the papers used in support of the application, may likewise be reviewed and determined upon an appeal. Gregg *v.* Howe, 5 J. & S. 420, Giraudat *v.* Korn, 8 Daly, 406; Tribune Ass'n *v.* Smith, 40 Supr. Ct. 251; Gallaudet *v.* Steinmetz, 6 Abb. N. C. 224. And this appeal is certainly supported by these authorities.

But if that practice should not be held to be regular, still, as the exception was one of the grounds upon which the application was made for a new trial, it is entitled to be now considered and disposed of by this court.

The affidavit showed that the action had previously been

28

several times upon the calendar of the court for trial, and in each instance had been postponed on the application of the plaintiff, and that the defendant had, on those occasions, been ready and willing to try the action.   There was not the slightest reason, therefore, for supposing that the application was made for the object of securing unnecessary delay in the trial of the cause.   And as it was well supported by the facts which the attorney positively stated as facts within his knowledge, the denial of the application was erroneously made.

It is not necessary to consider whether the other portions of the defendant's answer disclose a meritorious defense to the action.   For, as the evidence was given upon the trial, his own testimony might very well be material upon the alleged delivery of the note to the plaintiff, which was a fact controverted by him in his answer.   The judgment and the order should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and BARRETT, J., concur.