PERKINS *v.* WHITNEY *et al.*

*(Supreme Court, General Term, Second Department.   December 10, 1890.)*

**1. WHEN APPEAL LIES—JUDGMENT BY DEFAULT.**
   Relief against a judgment by default dismissing a complaint cannot be afforded on appeal to the general term.

**2. CONTINUANCE—ABSENCE OF WITNESS—DEPOSITIONS.**
   After a postponement, on application of plaintiff, of a trial previously delayed nearly two years to await the decision of other actions, plaintiff applied for a commission to take the testimony of a witness of whom plaintiff had learned two or three weeks before, and for a postponement of the trial until the return of the commission. *Held*, that the applications should be granted, it appearing that the delay requested was but short, and the testimony important, and that no injury could result to defendant from the postponement.[1]

**3. COSTS—EXTRA ALLOWANCE.**
   Under Code Civil Proc. N. Y. § 3253, providing for an allowance in addition to costs, in certain actions, of "a sum not exceeding five per centum of the sum recovered or claimed, or the value of the subject-matter involved," no such allowance can be made in an action to establish a will, as there is no value in the subject-matter upon which it could be computed.
   BARNARD, P. J., dissenting.

Appeal from special term, Kings county.

Action by Julietta Perkins against William W. Whitney and others to establish a will. From a judgment for defendants entered on the dismissal of the complaint on plaintiff's default, and from an order denying a motion for a postponement of the trial, an order denying an application for a commission to take testimony, and an order granting an allowance additional to costs against plaintiff, plaintiff appeals.

Code Civil Proc. N. Y. § 3253, provides that, in certain actions specified, in addition to costs, "the court may also, in its discretion, award to any party a further sum, as follows: * * * a sum not exceeding five per centum upon the sum recovered or claimed, or the value of the subject-matter involved."

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*John A. Grow,* for appellant.   *William T. Gilbert, (Jasper W. Gilbert,* of counsel,) for respondents.

DYKMAN, J.   In this action we have for determination four appeals, one from the judgment dismissing the plaintiff's complaint, one from the order denying the motion of the plaintiff for a postponement of the trial of the action at the special term, one from the order denying the application of the plaintiff for a commission to take the testimony of a witness in the city of Washington, and one from an order granting an allowance against the plaintiff in addition to costs.   We find all these appeals meritorious; but the judgment was by default, and relief from that cannot be afforded by the general term.   The action was commenced in November, 1886, to establish a will of Myra Clark Gaines, and the trial was delayed to await the decision of actions pending in the supreme court of the United States, which were finally decided in May, 1889.   *City of New Orleans* v. *Christmas,* 9 Sup. Ct. Rep. 745.   The plaintiff is not alone chargeable with such delay, because it was within the power of the defendants to bring the cause to trial at any term of the court after it was at issue, and it was upon the calendar for trial until December, 1889.   Then, upon the application of the plaintiff, the trial was postponed, but the court set the cause for trial on the first Monday of January, 1890.   On the second day of the court the plaintiff presented an affidavit to the court, in which she said, among other things, that two or three weeks before that time she had learned that a person, whom she named, residing in the city of Washington, was an important witness for her upon the trial of this action,

[1] See note at end of case.

.and she asked for the issuance of a commission to take the testimony of such witness, and a postponement of the trial until the return of such commission. Both applications were denied, and we deem their denial an unwise exercise ·of the discretion of the court. The delay requested was but short, the testimony of the witness was important to the plaintiff, and no injury could re-:sult to the defendants from a postponement of the trial for the short period .required for the execution and return of the commission.

The order for an allowance was erroneous because there was no value in the subject-matter involved in the action upon which it could be computed, and no order of an additional allowance can be made, except upon the sum recovered or claimed, or the value of the subject-matter involved in the action. *Conaughty* v. *Bank*, 92 N. Y. 401, and cases there cited. The orders appealed from should all be reversed, with $10 costs, and the disbursements ·on all the appeals from the orders.

PRATT, J., concurs.  BARNARD, P. J., dissents.

NOTE.

POSTPONEMENT OF TRIAL—WHEN GRANTED. A trial will be postponed on account of :a professional engagement of a witness. In re Crooks, 23 Hun, 696. A postponement may be granted where a party comes to trial under a misapprehension, and neglects to bring witnesses. Dillon v. Cockroft, 12 Wkly. Dig. 92. A party is entitled to the personal attendance of his witnesses, and it is in general no answer to an application to ·postpone a trial on account of an absent witness that the moving party did not offer to take the deposition of the witness. Hooker v. Rogers, 6 Cow. 577.

—— LEGAL AND EQUITABLE ACTIONS. Since the union of legal and equitable forms ·of actions under the Code, a party may claim a postponement of the trial of an action in which equitable relief is demanded on the same grounds as in an action where the relief demanded is of a legal character. Howard v. Freeman, 3 Abb. Pr. (N. S.) 292.

—— ADMITTING FACTS. Where the adverse party admits the facts expected to be proved by the witness on account of whose absence a postponement is asked, such postponement may be refused. Brill v. Lord, 14 Johns. 341. But it is not an answer to an .application to postpone that the witness will testify to the facts stated in the affidavit. People v. Vermilyea, 7 Cow. 369.

—— AMENDMENT OF PLEADINGS. Where defendant amends his answer, he has no .absolute right to a postponement, but it will be refused when the court thinks that the .amendment was intended for delay. Raymond v. Husson, 12 Wkly. Dig. 279.

—— ABSENCE OF WITNESSES. Where the moving party has used due diligence to pro-·cure the attendance of a material witness, a postponement will be granted at the first term at which the cause is set for trial, though such witness resides out of the jurisdiction ·of the court. People v. Vermilyea, 7 Cow. 369. In an action to recover for personal injuries to plaintiff while in defendant's employ, defendant moved for an adjournment to ·enable it to procure the testimony of an absent witness. The affidavit showed that the absent witness was defendant's foreman, by whom defendant expected to prove that the injuries resulted from plaintiff's disobedience of orders, and contributory negli-:gence; that the witness was then confined to his house in another state by intermittent fever, and threatened pneumonia; that it would be very dangerous for him to leave the house at that time, but that he could safely do so in two or three weeks. It was held ·on this showing that the adjournment should be granted. Obart v. Soap Co., 13 Civil Proc. R. 227. To entitle a party to an adjournment on account of an absent witness, it must be made to appear that the attendance of the witness can be procured within a reasonable time. Brown v. Moran, 65 How. Pr. 349. It is not a circumstance of suspicion requiring more than the ordinary affidavit that the absent witness is the attorney for the moving party. Ogden v. Payne, 5 Cow. 15. "While, as an abstract proposition, the absence of a foreign witness is an insufficient ground for the postponement of .a trial at the circuit, yet there may be controlling circumstances which render it suffi-·cient in connection with other facts. It was so here. The witness had attended on previous terms of the court voluntarily. He was ready and willing to so attend again. He had so agreed to attend at the term of the court where the default was taken. He was expected, and his attendance was relied on until the opening of the court. He was an important witness for the defendants. After that the time was insufficient to take his testimony by commission." Cahill v. Hilton, 31 Hun, 114, 115.

—— ABSENCE OF COUNSEL. It is in the discretion of the court to refuse to postpone a trial on account of the absence of counsel who were to assist counsel for plaintiff. Flannery v. James, 18 Wkly. Dig. 557.

DISCRETION OF COURT. After several ineffectual attempts by plaintiff to have the trial of her action postponed to the next term, the cause was, on December 5th, marked ready for trial, without objection by her attorneys. When it was reached for trial,

two days later, her attorney again applied for further postponement, on the ground of her illness, and a postponement was had for three days, to enable defendants to ascertain the true condition of her health. Subsequently, affidavits were produced, and oral evidence taken; and the trial judge, being satisfied that plaintiff's application was merely for delay, refused further postponement, and allowed defendants to take a dismissal. Held, that the exercise of the trial court's discretion would not be interfered with, particularly as it did not appear but that plaintiff could begin a new action by paying costs. Schaffer v. Schaffer, 5 N. Y. Supp. 544.

APPLICATION. A motion to adjourn a trial must be supported by affidavit where the motion is resisted. Oil Works v. Brown, 38 How. Pr. 451; Association v. Smith, 40 N. Y. Super. Ct. 251. Where a defendant's application for a postponement on the ground of the engagement of his counsel is refused, and a judgment by default is entered against him, it is in the discretion of the court to open the default, and its refusal to do so is not appealable. Divers v. Mayor, 12 Wkly. Dig. 125.

AFFIDAVIT—CONTENTS. An affidavit for an adjournment must contain these essential conditions: (1) An affidavit of merits; (2) the materiality of the absent evidence; (3) due diligence in the endeavor to procure the attendance of the witness, and an assurance of his probable attendance at the time proposed for the adjournment. Oil Works. v. Brown, 38 How. Pr. 451. An affidavit for a continuance on the ground of the absence of a material witness need not state when the witness was subpœnaed, unless this be made ground of objection. Hooker v. Rogers, 6 Cow. 577. Where defendant's attorney, on a motion to postpone the trial, made affidavit that he had seen defendant; that defendant was dangerously ill and delirious; and that his evidence was material, and could not be supplied,—it was sufficient to entitle defendant to a postponement; and it was error for the court to deny it "on the ground that the affidavit of the attorney, not having personal knowledge of the defendant, was not sufficient to satisfy the court, was unable to be present at the trial." Bank v. Colwell, 8 N. Y. Supp. 380.

—— SHOULD BE MADE BY PARTY. The affidavit should properly be made by the party, and not by the attorney. Oil Works v. Brown, 38 How. Pr. 451.

EFFECT OF POSTPONEMENT. Where a cause on the short-cause calendar in the superior court is postponed for the term, it goes as a matter of course to the first short-cause calendar of the next term. If it does not appear on such calendar, it will be assumed that the omission was a mistake of the clerk, which will be corrected on the application of either party, and the cause brought on for trial; and a default taken in such cause is valid. Barton v. McKinley, 38 How. Pr. 283.

COSTS ON POSTPONEMENT OF TRIAL. Under Code Civil Proc. N. Y. § 3255, providing that it may be required as a condition before granting an adjournment of a trial that the adverse party shall be paid "a sum not exceeding $10, * * * besides the fees of his witnesses, and other taxable disbursements, already made or incurred, which are rendered ineffectual by the adjournment," the court has no power to impose payment of a gross sum, as $50 "for costs and expenses," as a condition. Kennedy v. Wood, 7 N. Y. Supp. 90. Where an application for postponement of trial is granted, with an order that plaintiff indemnify defendant for costs in preparation for trial, such order includes witness fees paid out, which were rendered ineffectual by the postponement, and also fees paid witnesses who did not attend court, where the latter cannot be recovered back. Inderlied v. Whaley, Id. 74. On postponing the trial of a cause, the moving party cannot be required to pay more than the taxable costs. If, by his improper conduct, the adverse party has been subjected to expense, the remedy is by action. Hall v. Dwinell, 10 Wend. 628. When a hearing before referees is postponed on the application of plaintiff, he must pay costs just as defendant would have to do, if the postponement were on his application. Van Rensselaer v. Fay, 18 Wend. 509. On the postponement of a cause, the judge cannot make a direct order for the payment of costs by the moving party, but can only require such payment as a condition of granting the application. Bagley v. Ostrom, 5 Hill, 516.

WHAT COSTS ARE TAXABLE. Where defendant obtains an order postponing the trial on payments of costs, fees paid by plaintiff for exemplifications of records, etc., to be used as evidence, are not taxable. Morell v. Gould, Id. 553.

FAILURE TO PAY COSTS. Where a trial is postponed on payment of costs, and the costs are not paid, the adverse party may insist on proceeding with the trial. Gamble v. Taylor, 43 How. Pr. 375; Bagley v. Ostrom, 5 Hill, 516. Where a cause is postponed for the term on defendant's motion on payment of costs to plaintiff within 20 days, or that plaintiff have judgment, plaintiff may, on failure to pay costs pursuant to the order, enter judgment in the form of a judgment by default for want of a plea. Booth v. Whitby, 5 Hill, 446. Where the costs due under a conditional order of postponement are not paid, but in consequence of the order the cause goes over the term, a proper order will be made to enforce payment. Bagley v. Ostrom, Id. 516. Where the trial of a cause is postponed on payment of costs, the moving party should pay the costs without any demand being made therefor; and, if he neglects to do so, and the adverse party has the costs taxed, and demands payment of the moving party's attorney, which is refused, an attachment may issue against the moving party. Jackson v. Pell, 19 Johns. 269.

APPEAL—REVIEW OF ORDER. An exception to the refusal to postpone a trial is available on the appeal from the judgment in the case. Association v. Smith, 40 N. Y.

Super. Ct. 251; Bank v. Colwell, 8 N. Y. Supp. 380. Where a motion to postpone the trial of a cause on the ground of the absence of a material witness has been denied, the moving party may pursue either of the following courses: (1) He may suffer default, and then on affidavit showing the application made at circuit, the paper on which it was founded, its denial, and that a inquest was taken against him, make a non-enumerated motion at special term to set aside the inquest; or he may appear and contest on the merits, and, if the cause goes against him, pursue the same course to obtain a new trial. (2) He may appear and contest on the merits, and, if a verdict is given against him, move for a new trial on the ground of error in refusing a postponement, or if trial was by the court he may appeal directly to the general term, alleging as cause for reversal the refusal to postpone. Howard v. Freeman, 3 Abb. Pr. (N. S.) 292; Miller v. Porter, 17 How. Pr. 526; Gregg v. Howe, 37 N. Y. Super. Ct. 420; Gallaudet v. Steinmetz, 6 Abb. N. C. 224; Oil Works v. Brown, 38 How. Pr. 451. But no appeal lies directly to the general term from an order made at circuit refusing to postpone a trial. Martin v. Hicks, 51 How. Pr. 355. The denial of a motion to postpone a trial on the ground of the absence of a material witness is not reviewable on appeal from an order denying a motion for a new trial made before a judge other than the one who tried the cause, on the ground of surprise and mistake. To review the decision denying the motion to postpone, the affidavits used on the motion should be made part of the record, and an appeal taken from the judgment rendered in the cause; or a default should be suffered at the time of the refusal to postpone, and an appeal taken from an order denying a motion to open the default. Giraudat v. Korn, 8 Daly, 406. Where the proofs offered in support of an application to postpone a trial are conflicting, the decision of the trial court will not be disturbed on appeal. Association v. Smith, 40 N. Y. Super. Ct. 251. Where an adjournment is granted on stringent terms, to which the moving party assents, he cannot afterwards have the order reviewed on an appeal taken by him. Smith v. Grant, 11 Civil Proc. R. 354.