
## HALL vs. DWINELL.

On putting off the trial of a cause, a defendant cannot be required to pay beyond the *taxable costs* of the circuit.

February 20.　THIS is an action of ejectment, which was noticed for trial at the last circuit in Washington county, at which a motion was made in behalf of the defendant to put off the trial of the cause, on account of his inability (he having been attacked with the palsy) to attend to the defence of the cause. The counsel for the plaintiff asked the circuit judge, in addition to the usual terms of putting off the trial of a cause, to direct that the defendant should pay the costs and expenses incurred by the plaintiff in making a re-survey of the location of certain lands, the premises in dispute in this case, alleging that the same had become necessary in consequence of the defendant improperly withholding a bill of a former survey, entrusted to him by the plaintiff. The judge acceded to the proposition, and on putting off the trial, directed that the defendant, in addition to the usual costs, pay the expenses of such re-survey. The plaintiff accordingly included in his bill of costs sundry items of the expense of such re-survey, amounting to upwards of $26, which were taxed by the circuit judge. The defendant asked for a retaxation, insisting that the circuit judge had no authority to impose, as one of the terms of putting off the trial, the payment of the expenses incurred by the plaintiff in the re-survey.

*By the Court,* SAVAGE, Ch. J.　Ordinarily, none other than the usual terms of paying the taxable costs of the circuit should be imposed upon the putting off of a trial. If by the improper conduct of a defendant, a plaintiff has been subjected to expense, the remedy, if any, is by action. Were it allowed to circuit judges to exercise a discretion as to what should be paid beyond the taxable costs, we would be overwhelmed with appeals. There may be extreme cases, in which stipulations may be imposed for the preservation of the

rights of the plaintiff, where such rights will be endangered by the postponement of the trial ; but otherwise if a proper case is presented for the putting off of a trial, nothing farther should be required than the payment of the costs of the circuit. Let there be a retaxation.*

* Decided February 6, 1834.