By the Court. Woodruff, J.
We fully concur with the court at Special Term, in holding the defaults herein entirely regular. The affidavits on the part of the plaintiff not only show, that no extension of the time to plead was given, but that nothing was done or said which should have misled the defendants’ attorneys.
And in once returning the answers, when served after the time to answer had expired, informing the messenger by whom the answers were sent, that they would not receive them because the time to answer had expired, the plaintiff’s attorneys did all which the rules of practice or just notions of candor and fair' dealing required. The agent employed by the defendants’ attorney to make the service, was as competent to receive from the plaintiff’s attorneys the reason why the answers were rejected, as he was to carry back the answers themselves.
Kor could the defendants’ attorneys by again sending the answers to the office of the plaintiff’s attorneys and forcing them upon them, make it their duty to send them back a second time. Having refused to receive them, and assigned a sufficient reason therefor, they had done all that good faith or professional fairness required, and the defendants could no more make it their duty to send back the answers a second time, than they could a third or fourth, or any greater number of times, by repeatedly sending the answers back so often as the plaintiff’s attorneys returned them.
In regard to the terms imposed by the Judge as a condition *691 of opening the defaults, it must suffice to say, that whatever we may think of the propriety of a discrimination between the defence of usury and any other, the conditions were in the discretion of the Judge, and we are not at liberty to review the exercise of that discretion. (1 Comstk. 43, and cases cited; 2 Code Rep. 41; 3 Code R. 141; 4 Sandf. Sup. Ct. R. 709.)