By the Court—Woodruff, J.
We regard it as well settled that, where a motion is made to the Court to open a default, as a mere favor to the moving party, the power of the Court being conceded, an order, either granting or denying such motion, will not be reviewed on appeal. In such case, no substantial right is violated; for relief from the default in such case is not a matter of right. The motion does not involve the merits; for the opposing party being in all respects regular, no rule of law or practice has been violated, and the merits of the action are not the questions in any wise -to be determined on such a motion. (Bolton v. Depeyster, 3 Code R., 141; Fort v. Bard, 1 Comst., 43; Mead v. Mead, 2 E. D. Smith, 223.)
*668 In Thompson v. Starkweather, (2 Code R., 41,) the precise point that “ an order refusing leave to reply after the time for replying had passed, is not the subject of appeal to the General Term,” was adjudged.
If these cases be taken as our guide, then it is clear that, in this case, if the Justice at Special Term had refused the plaintiff’s motion for leave to file a replication nunc pro tunc, as of a day before the trial, the Court in General Term would not review the order, but an appeal therefrom would be dismissed. And it is quite obvious that, if we could not hear an appeal b)r the plaintiff from an unqualified denial of the motion, we cannot on his appeal review an order granting it upon terms. If such order of denial be not appealable, much less is an order imposing terms of granting the favor.
Without further discussion of the general question, it must suffice to say that it is settled in this Court that where a motion is addressed to the discretion of the Court by a party seeking a favor, the terms upon which the favor is granted are not a subject of appeal. It was so distinctly held in Gale v. Vernon, (4 Sandf., 709,) where the plaintiff was in default for not bringing his cause to trial, and was relieved upon terms of paying costs. And in Jacobs v. Marshall, (6 Duer, 689,) where a defendant was required to waive the defense of usury as a condition of opening a default for want of an answer, we held that, in respect of the conditions on which the default was opened, the decision at Special Term was final, and could not be reviewed on appeal. A default in not filing a reply, stands upon no more favorable footing for the party in default. (See also 3 E. D. Smith, 210.)
The cases cited, (5 Cow., 15; 10 Wend., 628,) in which the imposition of extraordinary terms, as a condition of putting off a cause at the Circuit, was reviewed in the Supreme Court, are not in conflict with these views. When the practice in a particular case has been long settled, it becomes binding as the rule governing the subject. Such was the practice respecting the putting off of causes at the Circuit, and it was because the Court held that, when the applicant brought himself within the rule, the Circuit Judge no longer had a discretion to exercise; that they held the imposition of unusual terms erroneous.
*669 Reasons might be suggested why the order is not justly characterized as a harsh order. Especially since the plaintiff voluntarily went on with his trial, in spite of the objection, and refused the offer of the Judge to permit a juror to be withdrawn; but it is sufficient to say that we do not review the order, in respect to the terms imposed, as a condition of granting a favor.
The appeal should be dismissed.