By the Court. Woodruff, J.
—It does not appear, by the papers submitted on this appeal, that the order appealed from has been entered. What purports to be an order, bears no date; it does not purport to be an order of the court; it is only authenticated by the words “ Enter this. Jas. Moncrief.” In short, it is a mere direction of the justice to enter the same as an order. From such a direction, no appeal will lie; nor have we any jurisdiction to review it. It is neither an order of the court, nor an or-" der of a judge, hut a direction, upon compliance with which alone it becomes an order. From orders which are such in form, when made by a judge, no appeal will lie, unless, nor until, they are entered with the clerk. Still less will an appeal lie from an order, merely because a judge has given a direction to enter it. (Code, § 350 ; Smith v. Dodd, 3 E. D. Smith, 215 ; Snyder v. Beyer, Id. 235 ; Nicholson v. Dunham, 1 Code R. 119 ; Marshall v. Francisco, 10 How. Pr. R. 147.) No such point was suggested on the argument of the appeal. The counsel treated the appeal as in this respect regular, and it is possible that the apparent error arises from the furnishing to the court copies made from the draft of the order, instead of a copy duly certified. We have, therefore, considered the appeal, and if there be such an irregularity that no jurisdiction has been acquired, counsel will doubtless again call it to our attention.
*680 If the order had been entered, no appeal would lie from • that part of it which excuses the plaintiffs’ default and vacates the dismissal of the complaint. So far as the papers disclose the facts of the case, the plaintiffs were under an order to proceed to trial at the October term, or that in default thereof their complaint be dismissed. They did not so proceed to trial. Whether they should be excused, .and whether their excuse was sufficient, were questions in no wise affecting the merits of the action nor any substantial right of the defendant. They were questions to be disposed of according to the discretion of the judge, as matters of mere practice. In this respect, the motion was like a motion to open a default and give leave to answer, or granting or refusing leave to reply after the time for replying is past—from which no appeal lies. (Bolton v. De Peyster, 3 Code R. 141 ; Mead v. Mead, 2 E. D. Smith, 223 ; Thompson v. Starkweather, 2 Code R. 41 ; 1 Com. 43 ; Gale v. Vernon, 4 Sandf. 704 ; Jacobs v. Marshall, 6 Duer, 689.)
As to that part of the order which directs a reference, it is equally well settled that an order which directs a o reference of an action which the court has power to refer is not appealable. (Gray v. Fox, 1 Code R., N. S. 334 ; Upsdell v. Root, 3 Abbott’s Pr. R. 142 ; Bryan v. Brennon, 7 How. Pr. R. 359 ; Dean v. Empire State Mut. Ins. Co. 9 Id. 69 ; Smith v. Dodd, 3 E. D. Smith, 348.) And on the other hand, an order which directs a reference in a case in which a reference is not authorized by law, is appealable. (Cram v. Bradford, 4 Abb. Pr. R. 193.)
In Gray v. Fox, Edmonds, Justice, says that where the action is one in which the court has power to refer,- and in which the only question for review is whether the judge at special term erred in deciding that it would involve the examination of a long account, the order deciding the question is not appealable, but under the statute is final. This seems to us an extreme view of one side of the question, and would make the decision at special term final, and not subject to review in any action in which the examination of a long account may be necessary, although the *681 judge at special term refers it, without even prima facie proof, that such an examination will be required. The section of the Code under which references are ordered, provides that “ the court may upon the application of either party, or of its own motion, * * * direct a reference, * * where the trial of an issue of fact shall require the examination of a long account on either side.” In Keeler v. The Poughkeepsie, &c., Plank Road Co., (10 How. Pr. R. 11,) Dean, Justice, says: “a reference can only be compelled when the court can see that the trial of the cause must necessarily involve the examination of a long account.” This seems to us an unwarranted limitation of the power to refer. We think it sufficient, if it appear that the trial of any one of the issues will involve such an examination; although the determination of some other issue may render it unnecessary to try the first named issue at all; as where there are two issues, one on an allegation of fraudulent settlement, and the other on the state of the accounts settled. Here, if the fraud be not established, no account will be examined, and so (as in the case cited) the court cannot certainly know, before the trial, that the trial of the cause “must necessarily” involve the examination of any account; and yet I have no doubt óf the power of the court to order a reference in that class of cases. And whether in cases of that description the whole of the issues should be referred or the taking of the account merely, and whether the account shall be taken before the trial of the other issues or after, are in the discretion of the court, to be governed by the particular circumstances of each case. . Sometimes evidence of the actual state of the accounts may tend to establish the fraud alleged in procuring the settlement; or in a claim to recover an insurance, taking an account of the actual loss may be important in determining an issue on a charge of fraudulent exaggeratión in the claim and proofs of loss, vitiating the policy. (Smith v. Dodd, supra ; Mills v. Thursby, 11 How. 113 ; Palmer v. Palmer, 13 Id. 363 ; Jackson v. De Forest, 14 Id. 81 ; Sheldon v. Wood, 1 Code R., N. S. 118.)
*682 But it is nevertheless clear, we think, that it should appear that the trial of some or one of the issues in the action will require the examination of a long account, and that, unless that appear, the power to order a reference of the action for trial is wanting.
If, however, there is any,evidence laid before the court at special term that such an examination will be required, and that evidence is uncontradicted, or if there is a conflict of proofs created by counter affidavits, then the determination must be held final and conclusive, and this is' the meaning and intent of the cases.
In the present casé, the motion below was brought on to be heard pursuant to an order which required the defendant to show cause, founded on all the pleadings and proceedings in the cause, and also on affidavits therein referred to. The affidavit, of a copy of which we are furnished by the appellant, states that the action is brought to recover the sum of $162 for goods sold and delivered. The order appealed from purports to have been made “ on reading and filing the affidavits,” and does not mention the pleadings as having been used or referred to.
We have therefore, according to,the papers furnished us on "the argument of the appeal, no evidence whatever that the trial of the action will require the examination of a long account, except the statement that the action is brought to recover $162 for goods sold and delivered. The trial of such an action may or may not require such an examination; it will depend upon the items of the account and the nature of the issues made by the pleadings. If the items aré numerous and are alleged to have been sold at different times, and the answer denies the sale and delivery, then such an examination will be necessary, and so, also, if there be a counter-claim or set-off of numerous items in the answer.. But if the sale is of a single article, or several articles in one. sale, or if the answer admits the sale but alleges payment or other single ground of defense, then the taking of an account will not be neces *683 sary. (Stewart v. Elwell, 3 Code R. 139 ; Swift v. Wells, 2 How. Pr. R. 79 ; Miller v. Hooker, Id. 171.)
, Indeed we cannot say that, on the papers before us, the mere statement that the action is for goods sold and delivered is, prima facie, evidence that the taking- of any account will be required on the trial; and if not, then, upon that statement alone, no case was made which showed that the action is one which the court has power to refer without the consent of the parties-. The case was not made out at all which the Code describes as warranting a reference. It was not made to appear that the trial would require the examination of any account, nor were any facts shown which presented that question for judicial determination. If in any sense the making of the order was an adjudication that such an examination will -be required, then we say that it was not an adjudication upon a question raised by the papers or proofs before the judge, but it was made without any evidence sufficient to be the ground of any •judicial determination; it was not a decision of a question' raised by allegation on one side and denial on the other, and so inviting the decision of the judge upon the point as a question of fact, but it proceeded upon an assumption of the fact, when no proof was.produced to show that it existed, and when, if it did not exist, the judge had. no power to make the order.
We think, therefore, the odder appealed from, so far as it directed a reference, was' made when it did not appear that the action was one which, the court had power to refer, and that the order was .therefore appealable; and not only appealable, but for the foregoing reasons was erroneous, and should be reversed.
In thus disposing of this appeal,, it is just to say that, from the statements of counsel on the argument, and from the statements of Mr. Justice Moncrief, by whom the order was made, who has referred to the minutes, we learn that the order originally made was, so far as it directed a reference, made by consent of the counsel for the parties respectively appearing on the motion, and upon his under *684 standing from them, that the case was a proper case for a reference, and that all parties were entirely willing that it should be referred. The order was accordingly drawn and entered, containing an explicit recital that the reference was by consent of the counsel for the parties respectively. Had the order remained in that form, it is obvious that it could not have been reviewed on appeal. But, after the decision of the motion, and the entry and service of the order, the defendant’s attorney moved to strike out of the order the recital that it was made by consent, and made an affidavit that he did not so consent, or in substance to that effect. To this motion the plaintiffs’ attorney made no opposition, and did not even attend; and by default the defendant’s attorney obtained an order striking out the recital above named, and leaving the order of reference to appear as if made on a contested motion, and. in spite of the defendant’s objection. From the order, as thus amended, the present appeal is taken; and we find ourselves constrained to consider its legality as it now appears, viz: as an order made in the face of objection.' The neglect of the plaintiffs’ attorney to attend to the motion to alter the order, and to lay the facts before the court as they appeared to the judge who made the order, has placed the plaintiffs under the necessity of sustaining an order in the form in which it now appears, and for the reasons above given has made it necessary for us to reverse an order which the judge, at special term, did not intend to make, and would not have made.
• The order appealed from must, so far as it directs a reference of the action, be reversed; in other respects it must be affirmed without costs on the appeal to either party.
Ordered accordingly.