## William Van Marter *v.* Hiram G. Hotchkiss, impleaded with Philip C. Wells.

The provision of the State Constitution respecting trial by jury is not that it shall be used in all cases, but in all cases in which it had been theretofore used.

The practice of referring issues, the trial of which would require the examination of long accounts, has prevailed by the practice of the courts from time immemorial, and is not in conflict with the provisions of the Constitution.

Denio, Ch. J.   The appeal in this case is by the defendant, from a judgment in favor of the plaintiff, rendered on the report of a single referee. The only point made by the appellant is, that the order of reference was unauthorized and illegal.

The action was for services of the plaintiff, as the attorney and counsel of the defendants in an action prosecuted by them, as plaintiffs, against one Gage, and for various disbursements in that action. · The printed case on this appeal contains an order for reference, which, after the entitling of the action, is in these words: "On reading and filing affidavits, *showing due cause therefor*, and on motion of C. L. Lyon, of counsel for plaintiff, and on hearing D. H. Devoe, Esq., defendant's counsel, in opposition thereto, it is hereby ordered that this cause be, and the same hereby is, referred to Hiram K. Jerome, Esq., a counsel of this court, residing at Palmyra, N. Y., as sole referee to hear and determine the same, with ten dollars costs of this motion to the successful party, in the event of the suit. It does not appear that there was any appeal to the General Term from this order. The affidavits used on the motion, and referred to in the order, are not contained in the return ; and no objection appears to have been taken on the trial to the case being heard before the referee. Both parties were examined as witnesses in their own behalf, respectively, on the merits, and no exception was taken to the report.

74

The position taken in the appellant's points are, first, that compulsory references are a violation of the constitutional guaranty of the right of trial by jury; and, second, that this being an action, as it is said, to recover a single item, it is impossible that there could have been a long account.

It is difficult to conceive that these objections are seriously made. The practice of referring issues, the *trial* of which would require the examination of a long account, had prevailed, by the practice of the courts, if not since the establishment of the State government, certainly from time whereof the memory of the profession runneth not to the contrary, when the last Constitution was adopted. The provision of that instrument, as well as of the prior State Constitutions, respecting the trial by jury, was not that it should be used in all cases, but that in all cases in which it had been theretofore used it should remain inviolate forever. (Const. of 1846, § 2.) That language was, without doubt, employed for the purpose of retaining, or allowing the Legislature to retain, the other modes of trial which it had been the practice to resort to in exceptional cases.

If it were conceded that we could, on an appeal from a judgment, examine the evidence upon which an order for reference had been made, which is a point not necessary to be decided, we could not do so in this case, where the affidavits read on the motion for the reference had not been returned. The action being upon contract, it might or might not require the examination of a long account, and we are to presume that the evidence produced on the motion authorized the order which was made. If we look into the complaint and the evidence upon the trial contained in this case, it will be apparent that the issue was one to which a reference was peculiarly applicable.

The appeal was wholly without merits, and the judgment appealed from ought to be affirmed, with damages for the delay.

JOHNSON, J. There is manifestly nothing in either of these cases which this court can review. The actions are all between attorney and client, to recover compensation for services rendered and disbursements made professionally.

There is no exception to the report of the referee, and no question was raised in the course of the trial on which any point is made by the appellant's counsel.

The only ground of error alleged is, that the cause was improperly referred to be tried and determined. It is claimed on behalf of the appellant that the court had no authority to refer, and that the order of reference is wholly void and gave the referee no jurisdiction, and consequently the report and the judgment rendered upon it are wholly void. The appeal has evidently been brought to this court for the purpose merely of having the order of reference reviewed. But it is quite obvious that that order cannot be reviewed in this way here. It is not an order involving the merits and necessarily affecting the judgment within section 329 of the Code, and is not brought up by a general appeal from the judgment. It involves a mere question of practice and nothing more. There is no ground whatever for the assumption that the action was taken out of court by the reference and all jurisdiction over it thereby lost. These are all cases which might have been properly referred, upon the necessary facts being shown. The presumption is that the necessary facts were shown, as nothing appears in the case to the contrary. Nothing appears in either of the cases on the subject of the reference, at the time it was made, except the rule by which it was ordered. The rule recites in each case that the reference was made "on reading and filing affidavit showing cause therefor." The presumption is, therefore, that sufficient cause was shown to authorize the reference. Nothing is presumed here in favor of the party alleging error, but the error must appear upon the record. (*Carman* v. *Pultz*, 21 N. Y., 547.) There is not even an exception to the decision granting the order. So that if the appeal brought up the decision granting the order of reference for the review, it would necessarily be sustained as the case stands. I think the appeals are wholly without merit or excuse, and that judgment should be affirmed, with all the allowance which the law authorizes.

All concur,                          Judgment affirmed.