## N. Y. COMMON PLEAS.

### GEORGE R. THOMPSON agt. GEORGE SEIMER.

Where a *reference* is ordered in a case clearly unauthorized by law, as for instance in an action for libel, false imprisonment or other wrong, or where the claim consists of only one or two items, the order affects a substantial right and is, therefore, *appealable.*

But where the action *is referable* in its nature, and either by reason of a conflict of proofs or otherwise it is doubtful whether the examination of a long account is involved or not, the judge to whom the application is made, may exercise his discretion in the case, and his order is *final and cannot be reviewed on appeal.*

*Decided, General Term, December,* 1870.

APPEAL from an order of reference.

This was an action to recover for professional services as an attorney and counsellor at law.

The affidavit of plaintiff's counsel, read on the motion to refer, stated that "the trial of the action involved the examination of a long account."

The affidavit of defendant's counsel, read in opposition, did not deny that the examination of a long account, would be required, but referred to the bill of particulars of plaintiff's claim in the action, a copy of which was annexed.

The bill of particulars contained three items of charges, as follows:

1. "To many consultations with you in the matter of your case and Conover, and to retainer in your case, $250.

2. "To cash paid copies of papers in your case (same action) ............................................ .... $22.

3. "To services drawing answer in your case, and examination of the facts, &c...... ....................... $50."

A reference was ordered at special term by Judge VAN BRUNT, and the defendant appealed.

ANDREWS & ELLIS, *for defendant, appellant.*
THOMPSON & TOWN, *for plaintiff, respondent.*

LOEW, J.—On the part of the plaintiff it is urged, that no appeal lies from the order of reference granted in this case. The authorities, it seems, are conflicting on the point. There can, however, be no doubt that if a reference were ordered in a case, clearly unauthorized by law, as for instance, in an action for libel, false imprisonment or other wrong, or where the claim consists of only one or two items, the order would affect a substantial right and would, therefore, be appealable. (*Gray* agt. *Fox,* 1 *Code Rep., N. S.,* 334; *Cram* agt. *Bradford,* 4 *Abb.,* 201; *Whitaker* agt. *Desfosse,* 7 *Bosw.,* 678; *Harris* agt. *Mead,* 16 *Abb.,* 257; *Dickinson* agt. *Mitchell,* 19 *Abb.,* 586.)

But where the action is referable in its nature, and either by reason of a conflict of proofs or otherwise, it is doubtful whether the examination of a long account is involved or not, the judge to whom the application is made, may exercise his discretion in the premises, and his order is final and cannot be reviewed on appeal. (*Gray* agt. *Fox, supra; Smith* agt. *Dodd,* 3 *E. D. Smith,* 348; *Bryan* agt. *Brennon,* 7 *How.,* 359; *Dean* agt. *Empire Mutual Ins. Co.,* 9 *How.,* 69; *Ubsdell* agt. *Root,* 1 *Hilt.,* 173; *Whitaker* agt. *Desfosse, supra; Baker* agt. *Nussbaum,* 1 *Hilt.,* 549.)

In this case the bill of particulars, it is true, contains but three items.

Ordinarily, of course, they would not constitute a long account; but here they appear to be gross charges for much work and labor performed, and services rendered in a long patent suit in the United States court.

In addition, the affidavit of plaintiff's counsel set forth, that the trial involved the examination of a long account, and the affidavit of defendant's counsel did not deny it.

We are not, therefore, prepared to say that the issue

between the plaintiff and defendant, will not require the examination of a long account.

But even supposing that such will not be the case, we think sufficient was shown for the exercise of the discretion of the judge who made the order, and it cannot, therefore, be interfered with by us.

The appeal should be dismissed.

Chief Judge DALY concurred.