WILLIAM H. PLACE, Respondent, v. CHARLES A. CHESEBROUGH, Appellant.

*Reference — inability of party to pay referee's fees not valid objection to — when ordered — power of court to order.*

It is no objection to an order referring an action, that the plaintiff is insolvent and will be unable to pay the referee's fees, and that the action is brought in bad faith.

A reference may be ordered although one of the several issues in the case may not require the examination of a long account.

The power of the court to refer common-law actions involving the examination of a long account, existed at the time of the adoption of the Constitutions of 1777 and 1822.

Appeal from an order directing a reference in an action on contract.

*Frank E. Blackwell*, for the appellant.

*E. Schenck*, for the respondent.

Brady, J.:

The bills of particulars to the proof of which the plaintiff's evidence must be directed, consist of about sixty items, and it abundantly appears, therefore, that the trial of two of the issues of fact, at least, in this controversy, will require the examination of a long account. Indeed, this necessity is not questioned by the appellant. His objections to the reference, indicated by the affidavit read in opposition to the motion therefor, are, that the plaintiff is insolvent and cannot pay the referee's fees, and that the action is brought in bad faith. Neither of these objections can be entertained. The

insolvency of a plaintiff does not avoid the necessity of applying to his case the usual rules of law. Whether it would subject him to the obligation of filing security of any kind, is an entirely different question. The good faith of an action is not the subject of investigation on a motion of the kind made herein, and the result of which we are called upon to review. That element goes to the merits. When it appears that the trial of an issue of fact will require the examination of a long account on *either side*, it may be referred. (Code, § 271, sub. 1.) The practice of referring such cases has long prevailed (*Marter* v. *Hotchkiss*, 1 Keyes, 585), and is entirely consistent with administration of justice; indeed, indispensable to it, in many litigations which have been presented to the courts for settlement. (See *Whitaker* v. *Desfosse*, 7 Bosw., 678; *Goodyear* v. *Brooks*, 2 Abb. Pr. [N. S.], 296; *Batchelor* v. *The Albany City Ins. Co.*, 6 id., 240.)

The proposition, that when there is one of several issues in an action on contract, which does not require the examination of a long account, a reference cannot be ordered, is erroneous and at variance with the established practice of the court. It is not supported by the cases of *Evans* v. *Kalbfleisch* (16 Abb. [N. S.], 13) or *Townsend* v. *Hendricks* (40 How., 143).

In the latter case the action was in tort, and the results declared were, that in such an action a compulsory order of reference could not be made; that section 271 of the Code, must be read in connection with section 2 of article 1 of the Constitution, and was limited to actions on contract; and that where the action from its nature was not referable, the answer could not make it so.

In the former case the court held that there was but one cause of action alleged in the complaint which arose upon a special contract, and that the action would not require the examination of a long account. It is quite evident that these cases do not sustain the rule stated, and equally clear that they are not applicable to this case. The power of the court to refer common-law actions on contract, involving the examination of a long account, existed at the time of the adoption of the Constitutions of 1777 and 1822, and it has been settled by repeated decisions of the courts of this State, that, under statutes relating to the subject, passed prior and subsequent to the

Constitution of 1777, compulsory references could be ordered in actions on contracts. (*Townsend* v. *Hendricks, supra.*)

The order made at Special Term should for these reasons be affirmed, with ten dollars costs and disbursements.

DAVIS, P. J., and DANIELS, J., concurred.

Ordered accordingly.