## WILLIAM S. KENNEDY, as RECEIVER, ETC., APPELLANT, *v.* JACOB C. WOOD AND OTHERS, RESPONDENTS.

*Postponement of trial — what conditions may be imposed.*

Upon an application by the plaintiff to postpone the trial of an action it was ordered that the trial be postponed, upon condition that the plaintiff pay to the defendants' attorneys the sum of fifty dollars, as part indemnity to the defendant James M. McDonnell, assignor, for his costs and expenses in preparing for the trial of said action, and that, in case of non-payment at the time named in the order, the defendants might, without further application to the court, enter an order dismissing the plaintiff's complaint, with costs.

Upon an appeal from this order:

*Held,* that section 3255 of the Code of Civil Procedure limits the power of the court, on adjourning a trial, to requiring the party applying for the adjournment, as a condition therefor, to pay ten dollars costs, the fees of witnesses and the taxable disbursements rendered ineffectual by the adjournment.

That an appeal lies to this court, if the conditions of an adjournment which are imposed are not legal, and that this right to such appeal was not waived by the fact that the aggrieved party, to prevent a dismissal of his complaint, paid, under protest, the amount illegally imposed upon him.

That the order in this case should be modified so that the postponement should be conditional upon the payment of ten dollars costs and of the fees of witnesses, and of the other taxable disbursements made or incurred which were rendered ineffectual by the adjournment.

APPEAL by the plaintiff from so much of an order granted at the Rensselaer Circuit and Special Term, which was entered in the office of the clerk of the county of Rensselaer on the 22d day of May, 1889, as directs that the plaintiff pay to the defendants attorney, as a condition of postponement of trial, the sum of fifty dollars as part indemnity to the defendant James M. McDonnell, assignee, for his costs and expenses in preparing for the trial of the action, said plaintiff to pay said fifty dollars on or before Monday, May 27, 1889, at 10 A. M., and in case of the non-payment thereof, as required, the defendant may enter an order herein dismissing the plaintiff's complaint, with costs, without further application to the court; that said postponement was granted upon the understanding that no further application to postpone the trial should be made by plaintiff on account of the absence of a specified witness.

*Charles I. Baker* and *Henry A. King,* for the appellant.

*King & Rhodes* and *Charles E. Patterson,* for the respondents.

LEARNED, P. J. :

We are of the opinion that section 3255 of the Code of Civil Procedure limits the power of the court, on adjourning a trial, to requiring, as a condition, the payment of ten dollars costs, the fees of witnesses and taxable disbursements rendered ineffectual by the adjournment. (*Hall* v. *Dwinell,* 10 Wend., 628; *Noxon* v. *Bentley,* 6 How., 418; *Hand* v. *Burrows,* 15 Hun, 481.) The sum imposed in this case was fifty dollars for costs and expenses in preparing for trial. We cannot construe this as meaning ten dollars costs and forty dollars witnesses' fees and taxable disbursements. That is plainly not the meaning. And we think that the court has no power to impose a gross sum as a condition. Of course, the parties may agree on what the witnesses' fees and the taxable disbursements are. Otherwise they must be adjusted in the ordinary way. We have no doubt that an appeal lies to this court if conditions of adjournment are imposed which are not legal. Nor is the right to such appeal waived by the fact that the aggrieved party, to prevent a dismissal of his complaint, has paid the illegal amount under protest. He could do no otherwise with safety to himself.

As to the other part of the order, viz., that it was on the understanding that no further application, etc., should be made, we do not know, from the language, whether this was not an agreement volunteered by the plaintiff's counsel to induce the adjournment. The language is not so clear as to put this beyond question.

The order must be modified so that the condition shall be on the payment of ten dollars costs, and of fees of witnesses and other taxable disbursements, made or incurred, which are rendered ineffectual by the adjournment.

On the adjustment of these witnesses' fees and taxable disbursements the defendants must repay any part of the fifty dollars in excess of the sum thus allowed.

No costs of this appeal to either party.

PUTNAM and FISH, JJ., concurred.