88h 325
62ad316

DANIEL J. FRANCIS, Respondent, *v.* WILLIAM H. PORTER, Appellant.

*Application for a discovery of books and papers — after its denial, a reference to determine whether the defendant can produce them is improperly ordered — the order therefor affects a substantial right.*

Upon a proceeding taken under the provisions of section 803 *et seq.* of the Code of Civil Procedure for the discovery of certain books and papers the court made an order directing the filing with the clerk of a certain assignment, but otherwise denied the motion, with costs, with leave to the plaintiff to renew his application for inspection. The order contained a further provision directing a

reference to take proof of what books and papers the defendant had the power to produce for inspection, and also gave the plaintiff the right to cross-examine the defendant in relation to such production. The defendant appealed from that portion of the order which directed a reference and permitted the plaintiff to cross-examine the defendant.

*Held,* that after the motion had been decided by denying the plaintiff's application for a discovery there was no motion or proceeding before the court and it had no power to order a reference;

That the portion of the order appealed from affected a substantial right of the defendant and was reviewable upon its merits under the Code of Civil Procedure (§ 1347, subd. 4).

APPEAL by the defendant, William H. Porter, from so much of an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Onondaga on the 4th day of March, 1894, as directed a reference to take proof as to what books and papers the defendant had the power to produce and giving the plaintiff the right to cross-examine the defendant in reference thereto.

*Hatch & Wickes,* for the appellant.

*Edward H. Burdick,* for the respondent.

MARTIN, J. :

This was a proceeding under the Code of Civil Procedure for the discovery of books and papers. The statute required it to be commenced by petition and it could not be by motion. (Code, § 805 ; *Dick* v. *Phillips,* 41 Hun, 603.)

. A petition was prepared and presented to a justice of this court, who made an order requiring the defendant to allow the discovery sought, or to show cause at a Special Term of the Supreme Court to be held in the city of Syracuse on the 12th day of February, 1895, why the prayer of the petition should not be granted. Upon the return of that order affidavits were read by the defendant in which it was stated that most of the books and papers of which a discovery was sought were not under or within his control. The court, after reading and filing the papers of both parties read on the application, and after hearing counsel for the respective parties, made an order requiring a certain assignment to be deposited with the clerk of Onondaga county, to remain there until the further order of the court, and in other respects denied the motion or appli-

cation, with ten dollars costs to abide the event, but with leave to the plaintiff to renew his application for inspection upon the same papers without reservice, and to furnish further papers alleging certain facts more fully than they were alleged in the original petition and papers accompanying it.

The court also ordered a reference to take proof as to what books and papers the defendant had the power to produce for inspection to be used upon a further application, and gave the plaintiff the right upon such hearing to cross-examine the defendant in relation thereto. From the latter portion of the order the defendant appealed. His contention is that, inasmuch as the court denied the plaintiff's application for discovery, no motion or proceeding was pending in which an order to examine a party as upon a motion could be made, and, hence, that the portion of the order appealed from should be reversed.

That the plaintiff's application for an inspection was denied is admitted by the respondent. It is manifest that, except as to the assignment ordered to be filed with the clerk of Onondaga county, the court denied the plaintiff's application for the reason that upon the papers produced upon the hearing it was of the opinion that the plaintiff was not entitled to the relief asked for. With the exception mentioned and that giving a right to renew, the order was one absolutely denying the plaintiff's application, with costs to abide the event of the action.

Thus the question arises whether, after the application had been absolutely disposed of by granting a portion of the relief sought and denying the remainder, the court had authority to make an order appointing a referee to take the proof mentioned. Unless the Legislature has, by some statute, conferred upon courts the power to make such an order, it does not, we think, exist. While the Code provides that where a court is authorized by that act to make an examination or inquiry it may direct a reference (§ 827) that it may appoint a referee to report upon a question of fact arising upon a motion (§ 1015), and that a referee may be appointed to take the deposition of a person not a party to be used on a motion (§ 885), yet we find no authority in these or any of the provisions of the Code which authorized the court to appoint a referee to take proof on a motion or application of this kind when it had been

already decided and no question in relation to it was pending before the court.

In this case no steps had been taken under that portion of the order which gave the plaintiff leave to renew his application, and consequently no proceedings in renewal of such application were pending. If the court, instead of absolutely deciding the application of the plaintiff, had suspended the hearing and directed a reference to ascertain or take proof as to certain questions of fact that were before it another question would have been presented. The respondent has called our attention to no authority, statutory or other, which would uphold this order. We are of the opinion that the court was not justified in granting the portion of the order appealed from, and that it should be reversed.

The respondent's contention, that the order was not appealable to this court, cannot, we think, be sustained. The portion of the order appealed from affected a substantial right of the defendant, and was reviewable upon the merits upon appeal under subdivision 4 of section 1347 of the Code of Civil Procedure. (*Central Trust Co.* v. *N. Y. C. & N. R. R. Co.*, 42 Hun, 602; *Whitaker* v. *Desfosse*, 7 Bosw. 678; *Moffat* v. *Moffat*, 3 How. Pr. [N. S.] 156.)

HARDIN, P. J., and MERWIN, J., concurred.

Order, so far as appealed from, reversed, with ten dollars costs and disbursements.