(19 App. Div. 545.)

## KINGMAN v. DUNSPAUGH et ux.

(Supreme Court, Appellate Division, Third Department.   July 6, 1897.)

ESTOPPEL BY DEED.

Defendants, D. and E., his wife, were indebted to plaintiff on a joint and several note.   To secure the debt, defendant D. gave his bond and a mortgage on land owned by him, executed by himself and his wife, and thereupon the note was returned to them.   Previous to the giving of this mortgage, but after D. and his wife had agreed to give it, D. gave to his wife a mortgage on the same property.   The existence of this mortgage was not disclosed to plaintiff at the time the mortgage to him was made, but it was recorded on the next business day after the giving of plaintiff's mortgage, which was not recorded until long afterwards.   *Held* that, if the mortgage to the defendant E. so far exhausted the value of the property that plaintiff's mortgage would be valueless as a second mortgage, E. would be estopped to assert the priority of her mortgage over plaintiff's, notwithstanding its earlier record, and accordingly it was error to exclude evidence of the value of the land, tending to show that it did not exceed the amount of E.'s mortgage.

Appeal from trial term.

Action by James Kingman against Theodore Dunspaugh and Eve M. Dunspaugh to foreclose a mortgage.   From so much of the judgment of foreclosure as determines that a mortgage held by defendant Eve M. Dunspaugh is a prior lien to the mortgage of plaintiff, he appeals.   Reversed.

This action was brought in June, 1896, for the foreclosure of a mortgage given by the defendants to plaintiff, bearing date May 2, 1890, acknowledged by the defendant Theodore Dunspaugh at its date, and by the defendant Eve M. Dunspaugh on the 3d day of May, 1890, and recorded on the 30th day of June, 1896.   The premises are situated in the town of Kinderhook.   The parties were residents of that town, and the defendants are husband and wife.   In the complaint it is alleged that on April 1, 1896, the plaintiff loaned to the defendants the sum of $2,150, taking therefor their joint and several promissory note; that this loan was made for the purpose of enabling defendants to purchase the farm covered by the mortgage in suit, and was so used; that on May 2, 1890, for the purpose of securing the amount then due on the note, being the sum of $2,475, the defendant Theodore executed and delivered to the plaintiff his bond conditioned for the payment of the amount on demand, with interest; that Eve agreed to sign this bond, and plaintiff accepted it supposing it was signed by her; that as collateral security for the payment of the indebtedness the mortgage above referred to was given; that no part of the debt has been paid, and the full amount is now due from the defendants; that the defendants have, or claim to have, some interest in or lien upon the mortgaged premises, which interest or lien, if any, has accrued subsequently to the lien of the plaintiff's mortgage.   Judgment was demanded in the usual form, except that no deficiency judgment was asked for.   The defendants in their answers admit the execution and delivery of the note and of the bond and mortgage, but deny that Eve agreed to sign the bond, or that anything is due from her.   They also deny that the interest of Eve in the premises is subsequent to that of plaintiff, but, on the contrary, allege that she has a mortgage which is a lien prior to the mortgage of plaintiff, and is first entitled to be paid out of the proceeds of any sale; that such mortgage was given by Theodore to Eve on March 22, 1890, for the sum of $6,778, and was recorded on May 5, 1890, and was given for moneys loaned by Eve to Theodore, her husband, in March, 1886, to enable him to purchase the premises, and upon his promise to give her a mortgage thereon.   In each answer the court was asked to adjudge that the mortgage to Eve was prior to that of plaintiff.   It was held by the trial court that the mortgage to Eve was a prior lien to plaintiff's mortgage, and that plaintiff was entitled to a judgment of foreclosure of his mortgage, but subject to the

lien of the mortgage to Eve. The plaintiff appeals from that part of the judgment which determines that the lien of the mortgage to Eve is prior to his mortgage.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

E. R. Harder, for appellant.
G. S. Collier, for respondents.

MERWIN, J. The question of priority was one proper to be determined in the action. Brown v. Volkening, 64 N. Y. 76. It was in fact considered and determined by the trial court, and its action in that respect is before us for review. The fact alone that the mortgage to Eve was recorded before that of the plaintiff does not control; for if, upon the execution of the mortgage to plaintiff, Eve was not in a position to assert as against the plaintiff the priority of her mortgage, its record afterwards does not help her. The mortgage to plaintiff was acknowledged by Eve on the 3d May, 1890, which was Saturday, and her mortgage was recorded on May 5th following. We must therefore consider the situation as it was on or prior to May 3d, and then see whether there is any principle, in law or equity, which will prevent the defendant Eve from asserting the priority which its prior execution and delivery would ordinarily give it. The allegation in the complaint on the subject of priority is a general one. A specific claim is set up in the answer, and a determination as to priority sought for. Upon the issues as so presented the plaintiff had the right to present any facts tending to show that equitably the defendant Eve had not the prior right. The plaintiff had no opportunity to reply to the allegations of the answer. Upon the assertion by the wife of a superior claim, he had a right to meet it with such evidence as was properly applicable to the subject. The plaintiff offered to prove the value of the premises at the time his mortgage was given, but the court excluded it. The offer was in such form that it amounted to an offer to prove that the value did not exceed the amount of the defendant Eve's mortgage. This evidence should have been received. It had a bearing upon the intent of the parties, and would be a material circumstance in determining the character of the transaction. If, however, with this evidence in, the plaintiff would not be able to sustain his position, he cannot claim reversal for its exclusion. We must therefore examine the case upon the supposition that it appears that the value of the mortgaged premises does not exceed the amount of Eve's mortgage. This requires us to assume that plaintiff's mortgage is worthless if Eve's mortgage is ahead. The note upon which Eve was liable was surrendered—properly, as she claims—when the bond and mortgage were given. Eve was not liable on the bond. As to the responsibility, then, of her husband, it appears that two or three years' interest on the note was unpaid, and no interest had been paid on the debt to the wife for which the mortgage to her was given. The plaintiff testifies that before he took the mortgage he tried to collect his debt, and could not. It is quite clear that, aside from the farm, the husband had practically no means to pay his debts. So

that as a result of the transaction the defendant Eve was released from her liability on the note, and the plaintiff received nothing of value in its place, unless his mortgage was prior to the defendant's. The plaintiff testifies that he asked Mr. Dunspaugh if there was any necessity of his getting his mortgage recorded, and Dunspaugh replied there was not; there was nothing against the place. This Mr. Dunspaugh denies, and says that the plaintiff did not ask him anything about the condition of the property. He, however, admits that he did not tell the plaintiff that he had given a mortgage to his wife. Clearly, from the evidence, we must assume that the plaintiff did not know of the wife's mortgage, but expected and supposed he was getting a first mortgage. He asked for a mortgage the spring or winter previous, and Mr. Dunspaugh admits that he then agreed to give it. The plaintiff testifies that Dunspaugh and his wife then both agreed to give it. This Mr. Dunspaugh does not deny, and the wife does not fully meet it. The wife was not present when the bond and mortgage were finally delivered to plaintiff and the note surrendered. That transaction was between plaintiff and Mr. Dunspaugh. The mortgage to the wife was given after the agreement to give plaintiff a mortgage. The fact, alone, that a wife joins with her husband in the execution of a mortgage upon the husband's real estate, does not impair her right to priority as the holder of a prior mortgage. Power v. Lester, 23 N. Y. 527; Gillig v. Maass, 28 N. Y. 191. In both cases cited, however, the idea is recognized that there may be circumstances which would operate in equity to postpone her lien. In the Power Case, at page 530, it is said:

"The second question is, did the mortgage to Lester operate to discharge or release the premises from the plaintiff's mortgage, or postpone it to the one to Lester? The execution and delivery of the mortgage to Lester did not pay the mortgage to the plaintiff; no consideration passed to her for the act; the defendant parted with no new consideration on its receipt, but took it as security for an antecedent debt due from the husband; and hence no equity arises in behalf of the defendant, against the wife, demanding that it operate as a discharge or release of the plaintiff's prior lien. Therefore, if the mortgage to Lester worked the release or discharge of the former mortgage, it must be upon some strict technical rule. It has no equitable basis to support it."

The inference is that if, as in the present case, the wife had practically received the entire consideration of the new mortgage, equity would postpone her mortgage. The conduct of a party having a mortgage at a time a second one is given may be such as to preclude him from asserting its priority. It has been held that where a person, having an incumbrance or security upon an estate, suffers the owner to procure additional money upon the estate by way of lien or mortgage, concealing his prior incumbrance, he will be postponed to the second incumbrance. So, if a prior mortgagee, whose mortgage is not recorded, should be a witness to a subsequent mortgage or conveyance of the same property, knowing the contents of the instrument, and should not disclose his prior incumbrance, he would be postponed. 1 Story, Eq. § 390, and cases cited; 1 Jones, Mortg. (5th Ed.) § 602 et seq. "The equitable rule is that he who does not speak when conscience and a just regard to the rights and interests of others require him to speak shall not be permitted after-

wards to assert his claim to their injury." L'Amoureux v. Vandenbergh, 7 Paige, 321. In the case cited the rule was applied to the case of an attorney who acted for a mortgagor in drawing a deed for the conveyance of land from the mortgagor to a purchaser, and did not disclose a mortgage he himself held upon the property, though he knew the purchaser was buying for full value, in ignorance of the mortgage. The general principles as to equitable estoppel are well settled. Their application depends upon the facts of each particular case. The defendants, if honest, intended to give plaintiff a good mortgage. If they did not so intend, a fraud was attempted for the benefit of the wife, which the court should not allow to be consummated. The fact that the plaintiff may have supposed that the wife had signed the bond does not relieve the defendants from the effect of their conduct. They deny that the plaintiff did so suppose, and we must assume that there was no agreement that the wife should sign. If not, the purpose of the defendants in concealing their mortgage would be more apparent. If the husband, in the transaction with the plaintiff, committed a fraud upon the plaintiff, the wife, in receiving the fruits of the transaction, became responsible for his conduct in the matter. Krumm v. Beach, 25 Hun, 293, affirmed 96 N. Y. 398. In Dort v. Nicken, 54 Hun, 74, 7 N. Y. Supp. 235, the defendant owned certain premises, upon which was a mortgage given to secure a debt of her husband. The plaintiff advanced the money to pay off this mortgage, under an agreement with the defendant's husband, made without the knowledge or consent of the defendant, that the plaintiff should be secured for its payment by another mortgage executed by the defendant upon the same property. It was not shown that the defendant did anything to induce the plaintiff to advance the money, or did any act which would connect her with the perpetration of any deceit or fraud upon the plaintiff. She did, however, accept the discharge, and paid for its record. It was held at special term that the defendant, having obtained "the fruits, result, or benefit of the transaction," was bound to carry out the agreement of the husband. The general term reversed the judgment and ordered a new trial, it being said that the wife was merely the surety for the payment of the husband's debt, and there did "not seem to be any connection between the procuring of the discharge of the mortgage and the fraud in getting the money therefor from the plaintiff which would bind the defendant by way of ratification, by simply being the involuntary recipient of the discharge of a mortgage procured by her husband." The court of appeals, however, reversed the order of the general term, and affirmed the judgment of the special term, upon the opinion there delivered. 130 N. Y. 637, 29 N. E. 228.

A case is, I think, presented for the application of the doctrine of equitable estoppel. The defendants knew that the plaintiff expected, and had a right to have, a good mortgage, and would not have taken his as a second mortgage. The existence of the mortgage to the wife was not disclosed, and though executed and acknowledged on March 22, 1890, it was kept unrecorded until the next business day after the acknowledgment of the mortgage to plaintiff and the sur-

render of the wife's note. The wife, having accepted the fruits of the transaction, is bound by the conduct of the husband, within the principle of Dort v. Nicken, supra, and should not be allowed now to say that her mortgage is superior to the plaintiff's. It follows that the judgment should be reversed. All concur.

Judgment reversed and new trial ordered; costs to abide the event.