## HEWETT v. SUITS.

(Supreme Court, Appellate Division, Third Department. November 10, 1897.)

1. HUSBAND AND WIFE—EXECUTION BY WIFE OF MORTGAGE ON HUSBAND'S
PROPERTY.
 The fact that a wife joins with her husband in the execution of a mortgage
 on the husband's real estate does not impair her right as the holder of a
 prior mortgage.

2. SAME—ESTOPPEL OF WIFE.
 In a suit by a wife to foreclose a mortgage on her husband's real estate,
 a subsequent mortgagee claimed priority on the ground that his mortgage
 was executed by both the husband and the wife to secure borrowed money,
 with representations that there was no prior incumbrance. Held, that the
 wife was not estopped to claim priority for her mortgage, where the evidence
 showed that the false representations were made by the husband, and that
 the money was borrowed by him, and she received no benefit therefrom.

Appeal from special term.

Action by Mary C. Hewett to foreclose a mortgage executed by
Simeon K. Hewett, in which Nicholas Suits is impleaded as a subse-
quent lienholder.　From a judgment for defendant Suits, plaintiff ap-
peals.　Reversed.

On September 11, 1886, the defendant Simeon K. Hewett executed and deliv-
ered to Joseph H. Jones his bond, dated on that day, secured by a mortgage,
executed by himself alone, upon the premises described in the complaint. Such
mortgage was regularly recorded in the Montgomery county clerk's office on Sep-
tember 18, 1886.　On January 21, 1889, such bond and mortgage were, by written
instrument executed on that date, duly assigned by said Jones to Mary C.
Hewett, who was the wife of said mortgagor, and who is plaintiff in this action.
She brought this action to foreclose such mortgage, and made the respondent,
Nicholas Suits, a defendant therein, as having a lien on the premises subsequent
and subordinate to hers.　Suits answered, and set up as a counterclaim that on
August 16, 1892, the said Simeon K. Hewett and this plaintiff, his wife, bor-
rowed from him $300, and that to secure it they delivered to him the bond of
the husband, executed on such day, secured by a mortgage on said premises,
executed by such husband and his wife, also dated on such day, and which mort-
gage was duly recorded in said county on August 25, 1892.　He also set up that
he was induced to make such loan by the representations of said parties that
the premises so mortgaged to him were free and unincumbered.　He asked the
judgment of the court that his mortgage be declared to be a superior lien and
prior claim to the plaintiff's mortgage, and be first paid from the proceeds of the

sale had in the action. The plaintiff, by way of reply, admitted that she executed with her husband the mortgage then held by Suits, and denied all the other material allegations in such counterclaim. Upon the trial the court decided that Suits' mortgage was a prior and superior lien to the plaintiff's, and directed that the amount due thereon, with his costs and expenses of the action, be first paid from the proceeds of the foreclosure sale. From the judgment entered on such decision, this appeal is taken.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Hastings & Schoolcraft, for appellant.

Ed. J. Perkins, for respondent.

PARKER, P. J.    The fact, alone, that a wife joins with her husband in the execution of a mortgage upon the husband's real estate, does not impair her right to priority as the holder of a prior mortgage. Power v. Lester, 23 N. Y. 527; Gillig v. Maass, 28 N. Y. 191; Kingman v. Dunspaugh, 19 App. Div. 549, 46 N. Y. Supp. 602.    Suits, therefore, was not entitled to priority because his mortgage was executed by this plaintiff.    As to his claims that she made false representations to him at the time he took his mortgage, and that she was a borrower, and interested in the $300 for which such mortgage was given, he has utterly failed to prove either of them.    His own evidence shows that the husband alone was the borrower, and that he alone received the money loaned.    It also shows that he was the only one who made the representations, and that it was upon his statements that Suits relied.    There is not a fact in the case showing that the plaintiff was in any way benefited by the money which Suits loaned, or that she took any part whatever in borrowing the same. None of the equities which existed in the case of Kingman v. Dunspaugh can be found in this case, and the decision there is no authority whatever for the decision here.

The judgment appealed from must be reversed, and a new trial granted; costs to abide the event.    All concur.