Bergan, J.
At the opening of the Trial Term in Madison County on May 2, 1949, plaintiffs marked their eases ready. There was no objection to this marking by defendants until May 16th, when, on a physician’s affidavit showing the physical disability of a defendant to attend court due to well-advanced pregnancy which the attorney for defendants had learned for the first time on May 14th, defendants moved the cases over the term.
Plaintiffs Baker objected to the postponement on the ground that they reside in California and had come to New York at some considerable expense to attend the trial and had brought with them a witness also residing in California. Their affidavit, opposing the postponement, stated their traveling expenses to have been from $800 to $1,000.
The Trial Term, granting defendants’ motion to postpone, entered an order as a condition to the postponement, directing that defendants pay to the plaintiffs Baker or their attorney “ the sum of $800, for the traveling expenses of the plaintiffs Baker ”, and directing that in default of payment in thirty days such plaintiffs have judgment for this amount.
*614 Since the control of. the calendar rests entirely within the judgment and discretion of the Judge at Trial Term, the sole question here is the power of the court to impose the terms complained of. We are of opinion that a statutory limitation rests upon the conditions that may be imposed upon the granting of a contested application for continuance of a trial.
The provisions of section 1515 of the Civil Practice Act require that where an application is made to adjourn a trial, the payment of “ a sum not exceeding ten dollars ” besides the fees of witnesses and “ other taxable disbursements ” which are already incurred and are rendered ineffectual by the postponement may be imposed as a condition.
This language suggests a legislative intent of delimitation, and so the identical language of the predecessor of the section, section 3255 of the Code of Civil Procedure, was construed. (Cf. chapter 617 of the Laws of 1853, which was the genesis of the former Code provision.)
In 1889 the GeneralTerm, Third Department, construed the Code provision (§ 3255) as imposing a limitation on the power of the Trial Term to set up conditions upon granting a continuance, and the opinion by Presiding Justice Learned was that there was “ no power to impose a gross sum as a condition ”. (Kennedy v. Wood, 54 Hun 14.) The disbursements were held to be taxable in the ordinary way. It was distinctly held that an appeal lies if improper terms are imposed as a condition to postponement.
The statute was, indeed, an enactment of a rule which had previously been rather uniformly followed by the court in dealing with applications for continuance. The Saratoga Special Term in 1852, a year before the first statutory enactment on the subject held (Hand, J.), that the “ costs on postponing a cause ” cannot exceed $10, besides the fees of witnesses, (Noxon v. Bentley, 6 How. Prac. 418), and earlier the Supreme Court, before its reorganization in 1846, held that the general policy of the court was to impose the “ usual terms ” of paying “ the taxable costs of the circuit ” (Hall v. Dwinell, 10 Wend. 628 [1834]). In Hutchins v. Parks (174 App. Div. 919) it was held that it was improper to impose an order of reference as a condition of granting a motion for continuance (cf. Lawson v. Hill, 66 Hun 288).
Therefore, the power of the Trial Term was limited to allowing $10 costs and the actual witness fees incurred or other taxable disbursements. Parties are not allowed witness fees for *615 themselves as traveling expenses from another State or elsewhere, and the “ legal fees ” of witnesses from without the State can only be taxed for mileage within the State and the expenditure must be shown to have been made or incurred (Civ. Prac. Act, § 1518). The direction for entry of judgment upon default of meeting a proper condition seems to be sanctioned by the practice (Bagley v. Ostrom, 5 Hill 516).
The order should be reversed and the matter remitted to the Trial Term to determine upon affidavits showing the facts of plaintiffs’ taxable disbursements rendered ineffectual by the postponement the terms to be imposed.
Fosteb, P. J., Heffebetaet, Beewsteb and Deyo, JJ., concur.
Order reversed, on the law and facts, with $10 costs, and the matter remitted to the Trial Term to determine the terms to be imposed in conformity with the opinion herein and upon affidavits showing plaintiffs’ taxable disbursements that have been rendered ineffectual by the postponement.