OPINION OF THE COURT
Robert A. Harlem, J.
This is a mortgage foreclosure action, and the plaintiff moves for summary judgment.
On December 19, 1973, Lester Woods, Roberta May Woods and Harold Woods executed and delivered a mortgage to the plaintiff bank securing the payment of the sum of $35,000. The real property encumbered by this mortgage was conveyed by the mortgagors to Harold Woods and Donna Woods on June 26, 1975, subject to the mortgage, and the grantees assumed its payment. At the same time of this conveyance, Harold Woods and Donna Woods gave a second mortgage to Lester Woods and Roberta May Woods to secure the payment of $60,000. On June 23, 1977, Harold and Donna Woods executed and delivered to the plaintiff a mortgage to secure the payment of $75,000. At the same time, Lester Woods, Andrew H. Woods (executor of the last will and testament of Roberta May Woods), Harold Woods and Donna Woods delivered to the plaintiff an executed mortgage *1052 subordination agreement whereby the $75,000 mortgage given to the plaintiff became a first lien upon the real property and the $60,000 mortgage given on June 26, 1975 became a second mortgage. It is this $75,000 mortgage which the plaintiff now seeks to foreclose.
Andrew H. Woods, a named defendant, resists foreclosure by asserting that he had no authority as executor to sign a mortgage subordination agreement. It should be noted that Andrew Woods individually became an owner of a one-half interest in that $60,000 mortgage under the terms of the will of Roberta May Woods. It should also be observed that the $35,000 mortgage held by the plaintiff bank was discharged on or about June 23, 1977, when the new mortgage to secure the payment of $75,000 was given.
Andrew H. Woods is estopped from claiming a lack of authority as executor to sign the mortgage subordination agreement. His argument that no consideration was given for the subordination agreement is shallow at best. The bank did discharge a prior mortgage which had preceded that held by the estate. The moneys received by the mortgagors were used to improve the real property (a farm), thus enhancing the security of all the mortgagors. Lastly, General Obligations Law § 5-1103 provides that such agreements are not voided for absence of consideration, if in writing and signed by the party to be charged.
Estoppel is sometimes based upon the acceptance and retention of benefits by one having knowledge or notice of information which is later attempted to be used to reject or contest the transaction from which the benefits arose. It has been said that one cannot accept the benefits of a contract made by himself or his agent and then attempt to prevent the other party to the contract from showing what the agreement was or from enforcing the terms of the agreement (see, McCormack v Lynn Imports, 114 Misc 2d 905).
One may not retain that part of an agreement which is beneficial and repudiate that which is disadvantageous (Dodds v McColgan, 222 App Div 126).
In Matter of Von Bernuth (127 Misc 705), the court held that a trustee was estopped from challenging the validity of a provision in a will after he had transferred assets of a trust in accordance with that provision. The attempt of the trustee was to have a part of the will set aside so that the estate asset would go as intestate property and he would personally benefit. It was therein said that having transferred the fund in accordance with the terms of the will and having requested a judicial settlement of *1053 his account confirming his doings in all respects, he is estopped from now attacking the validity of his own acts (p 708).
If the court were to give effect to the position of Andrew Woods, it would be tantamount to the approval of not only inequitable conduct, but it would be productive of a result which would encourage figurative fraudulent acts. Andrew Woods cannot deny knowledge of the transactions which led to the $75,000 mortgage held by the plaintiff, since he executed the subordination agreement which was a part of those dealings. To now claim that he was unaware of the benefits accruing to the mortgagors is an assertion which belies the very evidence presented to the court. His position that he lacked authority as an executor is equally without depth. While EPTL 11-1.1 may not specifically authorize an executor to sign a mortgage subordination agreement, Andrew Woods had a personal interest in the mortgage which was subordinated as evidenced by the fact of the assignment to him. It would be tantamount to a fraud to permit him to effectively claim at this time that the subordination agreement which he executed was meaningless. As is noted from that document, the mortgage given to the bank was with the understanding that it would be a first lien upon the premises.
There are no extensive judicial expressions involving the precise issue herein presented. The conclusion reached, however, is in accord with the rationale of Kingman v Dunspaugh (19 App Div 545).
By reaching the conclusion expressed, this court does not pass upon the matter of the authority of an executor to sign a subordination agreement. It is concluded, however, that Andrew H. Woods is precluded from raising the question because of his conduct (see, 21 NY Jur, Estoppel, Ratification, and Waiver, § 1).
While the New York courts do not seem to have addressed the question, it seems to be fairly well established in jurisdictions throughout this country that a person who executes an instrument in a representative capacity is estopped to claim in his individual capacity that the instrument is either invalid or meaningless (see, Jacksonville Public Serv. Corp. v Calhoun Water Co., 219 Ala 616, 123 So 79; Ann., 7 ALR2d 294).
Summary judgment of foreclosure is granted to the plaintiff as it relates to the defendant, Andrew H. Woods.
There is an issue as to whether certain items are fixtures, and the matter will be scheduled for a hearing on that singular issue.